Fed 83

[L. A. No. 115.   In Bank.—June 4, 1897.]

# O. McCAUGHEY, Respondent, v. H. C. SCHUETTE ET AL., Appellants.

Pleading — Complaint — Ultimate Facts—Averment of Evidence — Argumentative Pleading — Surplusage—General Demurrer.—It is a fundamental rule of our code pleading that ultimate and not probative facts are to be averred in a pleading, and where a complaint merely states the evidence from which the ultimate facts are left to inference by argument, the allegations of evidence are to be disregarded as surplusage, and the complaint is demurrable for not stating facts sufficient to constitute a cause of action.

Id.—Insufficient Complaint in Ejectment—Deraignment of Title— Deed from Mortgagors.—Where a complaint in ejectment containing no averment of seisin or ownership, or possession, or right of possession, but merely avers evidentiary facts respecting plaintiff's deraignment of title under a deed from the defendants, with whom as mortgagors an agreement is alleged to have been made for a deed in satisfaction of the mortgage and of the note thereby secured, the complaint is insufficient, and is subject to a general demurrer.

Appeal from a judgment of the Superior Court of San Diego County and from an order denying a motion for new trial.   E. S. Torrance, Judge.

The facts are stated in the opinion.

*A. McConoughey*, and *E. Parker*, for Appellants.

*William Humphrey*, for Respondent.

The Court.—After a careful examination of the points involved in this appeal we are satisfied with the opinion and judgment rendered in Department. For the reasons given in the Department opinion the judgment and order appealed from are reversed, and the court is directed to sustain the demurrer to plaintiff's complaint, with leave to plaintiff to amend.

The following is the opinion rendered in Department One, October 22, 1896:

Searls, C.—This is an action to recover possession from the defendants, who are appellants here, of lots A, B, C, J, K, and L, in block 131 of Horton's addition

to San Diego, county of San Diego, state of California.

Plaintiff had judgment, from which judgment and from an order denying their motion for a new trial defendants appeal.

The complaint was demurred to upon the ground, among others, that it does not state facts sufficient to constitute a cause of action. We think the demurrer should have been sustained.

The complaint may be summarized thus: 1. December 22, 1891, defendants made their promissory note to plaintiff for two thousand dollars, and, to secure the payment thereof, executed a mortgage upon the lots of land sought to be recovered in this action; 2. Afterward and on the twenty-second day of March, 1893, plaintiff and defendants entered into an agreement, by the terms of which said defendants agreed to convey to plaintiff, and the latter agreed to take, said real property in full payment of the note and to release defendants from liability thereon, and deliver the same up to defendants and to discharge of record the mortgage; 3. That on the twenty-third day of December, 1893, defendants delivered to plaintiff their grant deed of said premises, and the latter delivered up the note and discharged the mortgage of record. Said deed from defendants to plaintiff, and the note and mortgage, are made part of the complaint; 4. At the date of the delivery of the deed there was two thousand five hundred and one dollars and twenty-eight cents due on the note, and the deed was made in payment thereof. 5. Defendants are in possession of the premises and plaintiff has demanded possession thereof, which said defendants refuse to deliver up, and exclude plaintiff therefrom against his will and right.

Wherefore, he demands judgment for the delivery of possession of said premises, etc.

It is a fundamental rule of our code pleading that ultimate and not probative facts are to be averred in a pleading. (*Miles* v. *McDermott,* 31 Cal. 271.)

In *Thomas* v. *Desmond,* 63 Cal. 426, it was said, in

substance, that, where a complaint merely states the evidence from which ultimate facts are deducible, a demurrer lies.

In *Siter* v. *Jewett*, 33 Cal. 92, it was held that averments in a complaint of the facts constituting a deraignment of title are but averments of evidence, and are not admitted by a failure to deny them in the answer. *Racouillat* v. *Rene*, 32 Cal. 450, is to like effect.

In *Gates* v. *Salmon*, 46 Cal. 361, it was held that an allegation in a complaint that B executed an instrument in writing, purporting to convey to T a tract of land which is recorded (stating where), is a mere allegation of evidence, and may be disregarded as surplusage.

Such evidentiary matters should be stricken out in an action of ejectment. (*Willson* v. *Cleaveland*, 30 Cal. 192. See, also, *County of San Joaquin* v. *Budd*, 96 Cal. 47.)

It will be observed that in the complaint in the present case there is no averment of seisin, or ownership, or possession, or right of possession, to the demanded premises, but the pleader contents himself with a statement of evidentiary facts, which, if proven at the trial, would authorize the court in finding the ultimate fact of ownership and right to possession in the plaintiff.

In *Fredericks* v. *Tracy*, 98 Cal. 658, it was said of such a pleading that it was insufficient, and that a complaint which stated only facts from which the ultimate fact might be deduced was subject to a demurrer.

In *Los Angeles* v. *Signoret*, 50 Cal. 298, the action was to enforce a lien for the construction of a sewer. The complaint referred to an exhibit, attached to and made a part thereof, for particulars, which exhibit recited the various steps necessary to create the lien; but, on demurrer, the pleading was held insufficient.

The complaint here is argumentative—that is to say, the affirmative existence of the ultimate fact is left to inference or argument.

Such pleading was bad at common law, and is none the less so under our code system.

To uphold such a pleading is to encourage prolixity

and a wide departure from that definiteness, certainty, and perspicuity which it was one of the paramount objects sought to be enforced by the code system of pleading, and that, too, with no resultant effect, except to encumber the record with verbiage and enhance the cost of litigation.

We recommend that the judgment and order appealed from be reversed, and that the court below be directed to sustain the demurrer to plaintiff's complaint, and that he have leave to amend.

BRITT, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed, and the court below directed to sustain the demurrer to plaintiff's complaint, and that he have leave to amend.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.