[Sac. No. 575.· Department One.—March 14, 1900.]

R. RAMSBOTTOM, Respondent, v. BRIDGET M. FITZGER-ALD and M. FITZGERALD, Appellants.

APPEAL FROM ORDER—INSUFFICIENT RECORD — CERTIFICATE OF JUDGE—ABSENCE OF BILL OF EXCEPTIONS—DISMISSAL OF APPEAL.—Upon appeal from an order denying a motion to vacate and set aside a judgment and order denying a new trial, and to stay execution, the *ex parte* certificate of the judge that certain papers annexed were used by the moving party on the hearing of the motion, and that he used no other evidence, but that the court of its own motion took notice of its records, is not the equivalent of the bill of exceptions required under rule XXIX of this court; and, in the absence of such bill of exceptions, the appellant is not entitled to be heard, and the appeal will be dismissed.

APPEAL from an order of the Superior Court of San Joaquin County denying a motion to vacate and set aside the judgment and the order denying a motion for new trial and to perpetually stay execution upon the judgment. Edward I. Jones, Judge.

The facts are stated in the opinion of the court.

J. G. Swinnerton, for Appellants.

Elliott & Elliott, and Budd & Thompson, for Respondent.

THE COURT.—The defendants have appealed from an order denying their motion to set aside and vacate the judgment and order denying a new trial and to perpetually stay execution on said judgment. The respondent urges that the points made in support of their appeal cannot be considered, for the reason that they have failed to bring to this court a record of the matters upon which the action of the superior court was based.

Section 951 of the Code of Civil Procedure provides: "On appeal from a judgment rendered on an appeal, or from an order, except an order granting or refusing a new trial, the appellant must furnish the court with a copy of the notice of appeal, of the judgment or order appealed from, and of papers used on the hearing in the court below."

Rule XXIX of this court is as follows: "In all cases of appeal to this court, from the orders of the superior courts, the papers and evidence used or taken on the hearing of the motion must be authenticated by incorporating the same in a bill of exceptions, except where another mode of authentication is provided by law."

This rule was adopted subsequent to the decision in *Somers v. Somers,* 81 Cal. 608, and, it may be assumed, was made in consequence of what was said in the opinion in that case. There is no bill of exceptions in the present case, and the only authentication of the "papers used on the hearing in the court below" is the certificate of the judge by whom the order was made, that certain papers annexed thereto were used at the hearing of the motion, and that "the attorney who appeared in behalf of said motion used or presented no papers on the hearing thereof save those in this certificate hereinbefore mentioned, and no oral testimony was taken or used." The certificate continues: "I further certify that said superior court, myself acting as judge thereof, did of its own motion, both in hearing and deciding defendants' said motion, take notice of and use its own records in this said cause, particularly of the judgment-roll therein and of the *remittitur* issued to said superior court by the supreme court."

This certificate of the judge is not the equivalent of a bill of exceptions, and, in the absence of such bill, the appellant is not entitled to be heard upon this appeal. (*Melde v. Reynolds,* 120

Cal. 234, and cases therein cited.)   The documents referred to
therein as having been used by the court of its own motion are
not set forth in the certificate, and, as we have not before us a
properly authenticated record of the papers upon which the or-
der was made, the validity and regularity of the order is not re-
viewable on appeal.   (*Larkin v. Larkin,* 76 Cal. 323.)   The cer-
tificate of the judge was made *ex parte;* whereas, if the appel-
lant had caused a bill of exceptions to be settled as required by
the above rule, the respondent would have had an opportunity
to have inserted therein all the matters considered by the court
in making the order.

The appeal is dismissed.