[S. F. No. 2498.  In Bank.—March 26, 1903.]

WILLIAM  CAHILL, Respondent, v. VERONICA  C. BAIRD, Appellant.

APPEAL—ORDER DENYING NEW TRIAL—MISCONDUCT OF JURY—AFFIDAVITS NOT IN RECORD.—Upon appeal from an order denying a new trial, affidavits alleging misconduct of the jury as a ground for the motion, which are not incorporated in the bill of exceptions, as required by rule 29 of this court, cannot be considered.

ID.—EXCLUSION OF JUDGMENT-ROLL—ABSENCE FROM RECORD.—The exclusion of a judgment-roll from evidence, which does not appear in the statement, and in respect of which it cannot be determined upon appeal whether it was admissible, or whether its exclusion was prejudicial error, cannot be considered.

ID.—INSTRUCTION GIVEN AT APPELLANT'S REQUEST.—An appellant has no right to complain of an instruction given at appellant's request; and where it appears to have been harmless, it cannot be ground for reversal.

ID.—ACTION FOR SERVICES—REASONABLE VALUE—REQUESTED INSTRUCTION OUTSIDE OF ISSUES.—In an action for services rendered by an

attorney where the only issues joined related to the reasonable value of the services, a requested instruction as to the employment of an attorney being an entire contract, under which, if broken by the attorney in such manner as to make the relation of attorney and client no longer possible, the attorney is not entitled to compensation, *is outside of the issues*, and where it was wholly inapplicable to the evidence, it was properly rejected.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

John S. Partridge, for Appellant.

William J. Herrin, for Respondent.

VAN DYKE, J.—The plaintiff, as assignee of N. H. Hurd, an attorney at law, brought this action to recover the sum of fifteen hundred dollars, alleged to be due the plaintiff's said assignor for professional services rendered the defendant. The case was tried by a jury and a verdict rendered in the sum of nine hundred and twenty-five dollars, for which judgment was entered. The defendant thereupon moved for a new trial, which being denied, this appeal is taken from the order denying defendant's motion for a new trial.

The grounds urged for reversal are: Misconduct of the jury; erroneous remarks made by the judge during the course of the trial, alleged to have evinced a prejudgment of the case and to have prejudiced the jury; exclusion of certain evidence; errors in law in instructing and failing to instruct the jury.

1. The affidavits relied upon in support of the alleged misconduct of the jury are not incorporated in the bill of exceptions, as required by rule 29 of this court, and, therefore, cannot be considered.

2. We can see nothing objectionable in what was said by the judge of the trial court during the progress of the trial. All except one of the instances of supposed injurious remarks were merely rulings of the court in the admission and exclusion of evidence, couched in appropriate and unobjectionable

terms. The remaining incident was a question to the attorneys as to the point of law suggested by the evidence offered, and was altogether appropriate, and could not have suggested anything to the jury unfavorable to the appellant.

3. We do not understand, as suggested by the appellant, that the court refused "to allow defendant to introduce any testimony as to former charges made by Mr. Hurd," plaintiff's assignor. The ruling actually made was the exclusion of the judgment-roll in the former case of *Baird* v. *Baird* (in which the defendant as trustee was a party); and, as this does not appear in the statement, it cannot be determined whether it was admissible, or if admissible, whether the error would have been prejudicial. The question whether the evidence on the point was admissible is not presented by the record, and, therefore, cannot be considered.

4. In appellant's brief it is contended that "the court erred in giving the instruction quoted in specification of errors No. 20, and in refusing to give the instruction quoted in specification of errors No. 23."

In proceeding to give certain instructions, the court says: "The defendant has asked a number of instructions, those of which meet with my approbation I will now proceed to give you." Among the instructions so given at the request of the defendant is the one now specified in appellant's brief as being erroneous. Certainly appellant has no right to complain at the giving of an instruction at her request, but the instruction in question, although outside the issues, was harmless, and did not seem to have influenced the jury. The court refused to give the other instruction referred to in the brief, to wit, No. 23, which is as follows:—

"You are instructed that when a client employs an attorney for a specific action, that is an entire contract; and if you find that the attorney broke the contract himself, or acted in such a manner as to make the relation of attorney and client no longer possible, you must find that the attorney is not entitled to any compensation."

There is no such issue raised by the pleadings. The complaint alleges that the plaintiff's assignor performed legal services for the defendant, and that the same were reasonably worth the sum of fifteen hundred dollars, the answer was a

denial that said services were reasonably worth that sum, or any greater sum than one hundred and fifty dollars, and offered to allow plaintiff to take judgment for that amount. Aside from the fact that there is no issue raised by the pleadings justifying the instruction in question, there is no evidence from which an inference even can be drawn that the assignor of the plaintiff broke the contract, or acted in such a manner as to make the relation of attorney and client no longer possible. It was not error, therefore, for the court to refuse the instruction in question.

The order appealed from is affirmed.

Shaw, J., Angellotti, J., McFarland, J., Lorigan, J., Henshaw, J., and Beatty, C. J., concurred.