[Sac. No. 1423.  Department One.—July 26, 1906.]

In the Matter of the Estate of THOMAS CLAIBORN DEAN, Deceased.

DISSMISSAL OF ACTION—FAILURE OF PLAINTIFFS TO APPEAR AT TRIAL—
APPEAL—NOTICE OR WAIVER NOT SHOWN—PREJUDICIAL ERROR.—A
court should not dismiss an action in which an issue of fact is joined
for failure of the plaintiffs to appear at the trial, under subdivision
3 of section 581 of the Code of Civil Procedure, except upon proof
under section 594 of that code that the plaintiffs have had five days'
notice of such trial; and where upon appeal from the judgment
of dismissal it affirmatively appears that such dismissal was had
without any showing made to the court of notice to the plaintiffs
of the time of trial, or of the waiver of such notice, the error
. appearing in the absence of such showing must be deemed preju-
dicial and the judgment of dismissal must be reversed.

ID.—PROCEEDINGS TO REVOKE PROBATE OF WILL — NON-RESIDENTS —
PLAINTIFFS—CONTINUED TRIAL—INTERMEDIATE STAY—BOND FOR
COSTS—VACATION OF TRIAL.—Although an order continuing the
trial of proceedings to revoke the probate of a will on plaintiffs'

motion, in the absence of an intermediate stay of proceedings, would dispense with further notice of the continued time designated, yet where, upon defendants' motion, made about two weeks before such time, an additional bond for costs was required of the non-resident plaintiffs, and proceedings were stayed until it should be filed, an order requiring it to be filed within ten days was nugatory, under the provisions of sections 1036 and 1037 of the Code of Civil Procedure, which granted thirty days from the making of the order in which to give the bond; and all proceedings, including the trial, were stayed for that period, thus vacating the time fixed for trial, and requiring further notice of trial after the bond should be filed.

ID.—BOND FILED BY RESIDENT PLAINTIFF—ABANDONMENT OF CONTEST—ERRONEOUS DISMISSAL.—Where, one day before the continued time of trial, a resident co-plaintiff, then represented by a different attorney, filed the required bond, and then abandoned the contest without evidence, no notice appearing to have been given to the attorney for the non-residents of such filing, or of the fact of trial, the dismissal of the cause upon motion of defendants for non-appearance of the plaintiffs was erroneous.

ID.—AFFIDAVIT, FILED ON MOTION TO SET ASIDE JUDGMENT—RECORD UPON APPEAL FROM JUDGMENT.—An affidavit for defendants filed on a motion of plaintiffs to set aside the judgment of dismissal and for a new trial, not contained in any bill of exceptions, is no part of the record upon appeal from the judgment, and cannot be considered upon that appeal, even if properly authenticated, as used on such motion.

ID.—IMMATERIAL STATEMENT IN BILL OF EXCEPTIONS — NOTICE BY JUDGE AFTER SUBMISSION OF MOTION — REPLY OF ATTORNEY.—Whether or not the dismissal should be granted, after the motion therefor was submitted, depended upon the showing at the time of the making and submission of the motion; and plaintiffs were not required upon notice from the judge after such submission, to take any proceedings to save their legal rights. A statement in the bill of exceptions that the judge before passing upon the motion asked one of the attorneys for one group of contestants whether he had notice of the motion to dismiss, and desired to take steps therein before the ruling, and that he replied that he would not at present do anything in the matter, but would let it stand as it was, was immaterial. Such reply of the attorney to the judge was nothing more, in effect, than a statement that the contestants would stand upon their legal rights.

ID.—MOTION FOR NEW TRIAL IMPROPER.—Where there has been no trial by reason of the non-appearance of the plaintiffs at trial, a motion for a new trial is not a proper procedure, and a motion therefor was properly denied.

ID.—MOTION TO VACATE JUDGMENT — AFFIDAVITS — AUTHENTICATION—BILL OF EXCEPTIONS—PRESUMPTION.—On a motion to vacate the judgment, all of the affidavits and evidence used upon the hearing

must be authenticated by bill of exceptions, purporting to contain them all, to rebut the presumption in favor of the order denying the motion, that other affidavits or evidence were used upon the hearing of the order, than those merely authenticated by certificate of the judge as having been used upon the hearing.

ID.—BURDEN UPON APPELLANTS.—The burden was upon the plaintiffs appealing from the order denying their motion to set aside the judgment to have settled a bill of exceptions showing the evidence taken upon the hearing of such motion.

APPEALS from a judgment of the Superior Court of Merced County dismissing a proceeding to revoke the probate of a will and from an order refusing to vacate the judgment and to grant a new trial. E. N. Rector, Judge.

The facts are stated in the opinion of the court.

James T. Boyd, A. N. Salisbury, E. D. McCabe, B. F. Fowler, and J. W. Knox, for Appellants.

F. W. Henderson, for Respondents.

ANGELLOTTI, J.—These are two separate appeals, on one transcript, the first taken April 11, 1905, from an order or judgment of dismissal (made February 11, 1905), of certain proceedings instituted for the revocation of the probate of a document purporting to be the last will of deceased, and the second, taken June 6, 1905, from an order refusing to vacate said order or judgment and grant a new trial (made May 29, 1905). The dismissal was granted on motion of the defendants upon the ground that the plaintiffs failed to appear on the trial. The appellants are all of the twenty-three contestants, except one, Nathan Morrison, who, at the time the matter was called for trial, was represented by separate attorney, appeared at the time set for the trial, and there practically abandoned his contest. Originally there were two groups of contestants, one of twenty-one, including Morrison, represented by one set of attorneys, and the other of two, represented by another set of attorneys.

Whether or not the lower court erred in giving judgment of dismissal must be determined solely in the light of the facts shown by such papers in the transcript as may properly be held to constitute a part of the judgment-roll, and the settled

bill of exceptions. Certain affidavits contained in the transcript, purporting to have been subsequently filed and used on the motion to set aside the judgment and grant a new trial, which affidavits are not contained in any bill of exceptions, cannot, of course, be considered in the determination of such question.

Most of the plaintiffs were non-residents of the state of California. By the bill of exceptions settled for use on appeal from the judgment, the following facts appear: Prior to answers filed, a demand that plaintiffs give security for the costs and charges that might be awarded against them, as provided by section 1036 of the Code of Civil Procedure, was regularly served and filed, and plaintiffs subsequently regularly complied with this demand. Issues of fact having been joined, a demand for a trial by jury was regularly made by defendants, and November 14, 1904, was fixed for the trial of the contests. At the last-named time, a motion of plaintiffs for a continuance on the ground of absence of plaintiffs and witnesses was granted on payment of certain costs, and an order was made continuing the trial to February 7, 1905, at ten o'clock A. M. On January 13, 1905, defendants gave notice of an application, to be made on January 23, 1905, for an order for an additional undertaking in the sum of fifteen hundred dollars, as security for costs, and for a stay of proceedings until the same should be given. This application having come regularly on for hearing, the court, on January 24, 1905, made an order—1. Requiring plaintiffs to file such an additional undertaking in the sum of three hundred dollars; 2. Staying all proceedings until such undertaking was filed; and 3. Directing that said undertaking be filed within ten days. The attorneys for plaintiffs notified the court that it would be necessary for them to have thirty days within which to file such undertaking, on account of the absence of their clients from the state, and claimed that they were entitled to such thirty days under the provisions of section 1037 of the Code of Civil Procedure. No order was made on January 24, 1905, or subsequent thereto, relative to the time of trial of said contest, and no notice was ever given to appellants at or subsequent to the proceedings of January 24, 1905, as to the time of trial. On February 6, 1905, one J. J. Griffin was regularly substituted as attorney for plaintiff Nathan Mor-

rison, who had hitherto been represented by the attorneys for the group of twenty-one contestants, and who appears to have been a resident of California. On February 7, ·1905, at ten A. M., said plaintiff Morrison filed the necessary additional undertaking. This was filed without any notice to any of the other plaintiffs or their attorneys, and none of them knew anything about his intention to file the same or about the filing until after the submission of the motion to dismiss. At 10:10 A. M. on February 7, 1905, the proceeding was called for trial by the court. None of the plaintiffs or their attorneys were present, except Morrison and his attorney. When the matter was called, defendants answered ''Ready,'' as did plaintiff Morrison, who further stated that he had no evidence to offer. Defendants having shown to the court that the additional undertaking had been filed that morning, moved that the proceeding be dismissed for failure on the part of the plaintiffs to appear at the time set for the trial of the cause. No proof whatever was made as to any notice given to appellants as to the filing of the undertaking by Morrison, or as to any intention on the part of defendants to ask for the trial of the contest at that time. The court thereupon ordered the matter submitted, and subsequently, on February 11, 1905, made its order granting the motion, whereupon the clerk of the court noted said order on his register of actions.

Other facts, such as that the trial of another case was actually in progress before the court on February 7, at the time this case was called for trial, and that, although a jury had been demanded, no jury had been summoned or was in attendance, and that no witnesses were in attendance, also appear, but these facts would probably be material only on a subsequent motion to relieve from the judgment on the ground of surprise, inadvertence, and excusable neglect. The facts already stated are the only matters shown by the record that are material in determining as to the correctness of the action of the lower court in giving judgment ·of dismissal.

Section 594 of the Code of Civil Procedure provides: ''Either party may bring an issue to trial or to a hearing, and in the absence of the adverse party, unless the court, for good cause, otherwise direct, may proceed with his case, and take a dismissal of the action, or a verdict or judgment, as the case may require; provided, however, if the issue to be tried is an

issue of fact, proof must first be made to the satisfaction of the court that the adverse party has had five days' notice of such trial.'' A court should not dismiss an action under subdivision 3 of section 581 of the Code of Civil Procedure, for failure of the plaintiff to appear on the trial, except upon proof made in compliance with the above-quoted proviso of section 594 of the Code of Civil Procedure, designed to prevent the manifest injustice of dismissing a party's action, or trying it in his absence, because of his failure to appear at a time at which he could not be held to have had notice that the trial would be had, or that any proceeding would be taken against him. When upon direct appeal from the judgment of dismissal, it affirmatively appears that such a dismissal has been had against a party, without any showing having been made to the court of notice had by such party of the time of trial, and waiver of such notice on his part is not shown, it seems clear that the judgment of dismissal is erroneous, and should be reversed. In the absence of a showing to the contrary, such an error must be deemed prejudicial.

We are not here concerned with the question as to what would constitute a sufficient notice, or sufficient proof of such notice, to authorize a court to proceed to a disposition of a cause in the absence of a party. Here there was no notice whatever other than that afforded on November 14, 1904, by the order continuing the trial, on motion of plaintiffs, to February 7, 1905, at ten o'clock A. M. If it were not for the subsequent proceedings had in January, 1905, this order, made on motion of plaintiffs, would undoubtedly be held effectual to dispense with further notice of the time therein designated. But we are satisfied that it must be held that the subsequent order of January 24, 1905, made on the motion of defendants, practically vacated the order fixing February 7th for trial, so far as the same could be held to operate as notice to appellants that the trial would then be had, and left the matter either to be again set for trial when the undertaking required was given, or triable at the original date only upon new notice showing that a trial would then be had or insisted on by the defendants, who had procured the stay of the proceedings. Under the provisions of sections 1036 and 1037, plaintiffs had thirty days from the making of the order of January 24, 1905, within which to give the additional under-

taking thereby required, and the direction in such order that
such undertaking be given within ten days was ineffectual for
any purpose whatever. Under said sections, a failure on the
part of plaintiffs to give the additional undertaking *within
thirty days* would warrant the dismissal of the proceedings,
and this was the only penalty prescribed by law for a failure
to give security. By the order made, in accord with the
demand of defendants and in strict accord with the provisions
of section 1036 of the Code of Civil Procedure, all proceed-
ings *including the trial,* were directed to be stayed until
plaintiffs should give such additional undertaking. Plaintiffs
were thus notified by the express terms of the order of the
court, that if compliance with said order for additional se-
curity was insisted on by defendants, which, in the absence
of notice to the contrary, they had the right to assume would
be the case, no trial could be had until they gave the addi-
tional undertaking, the giving of which might legally be
deferred, and so far as appellants are concerned was de-
ferred, until long after the time originally fixed for trial.
Under such circumstances, it appears too clear for question
that these appellants cannot be held to have had any notice
that the trial would or could be had on February 7, 1905.
Not having themselves given the required undertaking, hav-
ing no notice that their seceding resident co-plaintiff intended
to pursue the most remarkable course of assuming the burden
for them and giving such bond, in order that the stay directed
might be avoided and judgment given against them, and
having no notice that defendants would waive the benefit of
the order they had themselves obtained staying proceedings
until given security for costs, they had the right to rely on
the order of January 24, 1905, and, so relying, to assume that
the trial could not be had at the time originally appointed,
and that no proceeding against them would be taken at that
time in such matter, without notice. The mere giving of the
undertaking by their co-plaintiff Morrison on February 7th
was no more effectual in this regard than would have been a
waiver at such time by defendants of the benefit of the order
requiring additional security. Appellants were entitled to
notice of any change in existing conditions which would ren-
der a trial of the issues possible. In view of the order of
January 24, 1905, the trial court, before dismissing the pro-

ceedings for failure of appellants to appear, should have required proof that appellants had notice that the additional security would be waived and a trial insisted on by defendants at the time originally set, or notice that their co-plaintiff had given such an undertaking as would make a trial possible under the terms of that order. The record on appeal from the judgment of dismissal shows that no such proof was made to the court, and also fails to show that appellants had any such notice in fact.

We are not unmindful of the fact that in an affidavit of one of defendants' attorneys, said to have been used on the hearing of the motion to set aside the judgment of dismissal, it is stated that appellants did have notice that defendants would, if such undertaking were not filed by February 7th, at ten o'clock A. M., waive the additional security and insist upon a trial, but this affidavit, as already stated, constitutes no part of the record on appeal from the judgment, and it cannot be considered thereon, even if it were properly authenticated.

The statement in the bill of exceptions to the effect that within a day or two after the submission of the motion to dismiss, and prior to the actual dismissal, the judge of the trial court asked one of the attorneys for one group of contestants whether he had notice of the motion to dismiss, and whether he desired to take any steps therein prior to the ruling of the court thereon, and that the attorney replied that contestants would not at the present time do anything in the matter, but would simply let it stand as it was, is entirely immaterial. Whether or not the dismissal should be granted depended upon the facts existing and the showing made at the time of the making and submission of the motion, and plaintiffs were not required by this subsequent notice from the judge to take any proceedings in order to save their legal rights. If the motion made and submitted without notice and in their absence was erroneously decided, they could then take such proceedings as the law afforded them for a review of such decision. The statement of the attorney to the judge was nothing more, in effect, than a statement that appellants would stand on their legal rights.

In view of our conclusion that the judgment of dismissal must be reversed, it is unnecessary to consider the appeal

from the subsequent order refusing to vacate the judgment and grant a new trial. Of course, in view of the fact that no trial at all had been had of the issues of fact, and the proceeding had been dismissed without any trial for failure of appellants to appear, the case was not one for a motion for a new trial, and, so far as the motion made was one for a new trial, it was undoubtedly properly denied. It is possible, however, that the motion may be properly considered as having been partially for relief under section 473 of the Code of Civil Procedure, on the ground of excusable neglect, surprise, etc. Whether it could be so considered, and whether the showing made on the hearing of the motion was such as to require the lower court to grant the relief sought, are, as already said, immaterial, in view of our conclusion upon the appeal from the judgment. In respect to that showing, it is, however, proper to note that affidavits printed in the transcript and claimed to have been used on the hearing, are not incorporated in any bill of exceptions, and some of them are not even indorsed by the judge as having been used on the hearing. It has several times been pointed out by this court that, in order to make a record of a showing by affidavits sufficient to establish error on the part of the lower court in the decision of a motion upon which affidavits were or could have been used, in the face of the presumption of correctness and regularity which attaches as to the action of lower courts upon such motions, the affidavits used and evidence taken on the hearing below must be authenticated by being incorporated in a bill of exceptions. The indorsement of the judge on certain affidavits, to the effect that the same were used on the hearing is not sufficient, for it does not show or raise any presumption that such affidavits constituted all the affidavits used and evidence taken, and the presumption in favor of the order is that other affidavits and evidence were received on the hearing sufficient to support the order made. The only way by which this presumption can be overcome is by a bill of exceptions purporting to show all the material evidence received, whether by affidavit or otherwise. Rule XXIX of this court in terms requires that "in all cases of appeal to this court from the orders of the superior courts, the papers and evidence used on the hearing of the motion must be authenticated by including the same in a bill of exceptions, except where

another mode of authentication is provided by law.'' There is no other mode provided by law for the authentication of affidavits used on the hearing of such a motion as was here made. (See *Skinner* v. *Horn,* 144 Cal. 278, [77 Pac. 904] ; *Cahill* v. *Baird,* 138 Cal. 691, [72 Pac. 342] ; *Melde* v. *Reynolds,* 120 Cal. 234, [52 Pac. 491] ; *Ramsbottam* v. *Fitzgerald,* 128 Cal. 75, [60 Pac. 522].) It devolved upon plaintiffs appealing from the order denying their motion, to have settled a bill of exceptions showing the evidence taken upon the hearing of such motion.

The judgment or order of dismissal appealed from is reversed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.