[Civ. No. 643.    Second Appellate District.—September 18, 1909.]

J. L. AHLERS and S. S. EAST, Copartners, etc., Appellants and Respondents, v. A. J. SMILEY and R. R. SMITH, Copartners, etc., Respondents and Appellants.

BREACH OF CONTRACT—COMPLAINT FOR DAMAGES—CAUSE OF ACTION—DISTINCT AVERMENT OF CONTRACT ESSENTIAL—INFERENCE FROM EXHIBIT.—In an action for damages for breach of contract, a distinct substantive averment of the contract in the complaint is essential to the cause of action; and the want of such averment cannot be supplied by inference or argument from an exhibit attached to the complaint and made part of it, setting forth the record in a former suit between the parties in which it is found that a contract was entered into between them therein set out.

ID.—ACTION NOT BASED UPON JUDGMENT — CAUSE OF ACTION UPON CONTRACT NOT SET FORTH.—The action is not based upon the former judgment, but upon a contract which is not set forth in the complaint, which therefore states no cause of action.

ID.—EVIDENTIARY MATTERS DEMURRABLE.—At most the documents referred to in the complaint, and set out as an exhibit, are mere evidentiary matters as to the question adjudicated in the former suit; and where a complaint merely sets forth evidence from which ultimate facts are deducible, a demurrer lies.

ID.—EVIDENTIARY MATTER SUBJECT TO BE STRICKEN OUT.—The averments in the complaint as to the former suit, and the exhibits thereof,

attached thereto, should be stricken from the complaint on motion, as being mere evidentiary matters.

ID.—ESTOPPEL BY JUDGMENT NO PART OF CAUSE OF ACTION.—The rule that an estoppel by judgment to be relied upon by the defendant must be pleaded in the answer has no application to the plaintiff. An estoppel by judgment is no part of the cause of action, but, where relied upon by the plaintiff, is mere matter of evidence in reply to the answer of the defendant, as concluding him as to matters directly adjudicated.

ID.—FORMER JUDGMENT NOT CONCLUSIVE AS TO COLLATERAL MATTERS.— As a general rule, a judgment in a former case is not conclusive of any matters which only come collaterally in issue, nor of any matters incidentally cognizable, nor of any facts which are offered in evidence to establish facts in issue.

ID.—DAMAGES EXPRESSLY EXCEPTED IN FORMER JUDGMENT.—Where the matter of damages was expressly excepted and reserved in the judgment in the former action for future adjudication, it cannot be deemed concluded thereby.

ID.—ELECTION OF PLAINTIFF TO SUE FOR INJUNCTION NOT A WAIVER OF DAMAGES.—The mere election of the plaintiff in the former action to sue for an injunction to restrain further breach of the contract did not constitute a waiver of a subsequent suit for damages for its breach.

APPEAL by plaintiffs from an order denying to them a new trial and appeal by defendants from a judgment of the Superior Court of Orange County and from an order denying to them a new trial. Z. B. West, Judge.

The facts are stated in the opinion of the court.

E. E. Keech, for Appellants.

F. O. Daniel, for Respondents.

SHAW, J.—Both parties prosecute appeals in this action. Plaintiffs appeal from the order of the court denying their motion for a new trial and defendants appeal from a like order denying their motion for a new trial, and also from the judgment rendered against them.

Plaintiffs were manufacturers of ice in Santa Ana and defendants were retailers of ice. On March 15, 1905, plaintiffs and defendants entered into a written contract whereby the former agreed to sell and the latter agreed to buy and

take from plaintiffs all the ice which defendants might require in supplying their trade for a period of two years at a price per ton stipulated in the contract. On July 24th following, defendants refused to longer buy ice from plaintiffs, but from that date to March 15, 1906, purchased ice from other manufacturers with which they supplied their customers. The action is to recover damages alleged to have been sustained by plaintiffs on account of such alleged breach of the contract.

It appears that some four or five days after defendants began buying ice from others than plaintiffs the latter instituted an action to enjoin defendants from obtaining ice from such other parties with which to supply their customers. This action was tried on March 15, 1906, and an order made enjoining defendants as prayed for, which judgment had become final at the time the action at bar was instituted. By their complaint filed in this action plaintiffs allege the filing of the complaint, answer thereto, the findings and judgment in the former suit, copies of all of which are attached to and made a part of the complaint herein. The contract for the breach of which this action is instituted is not set out or otherwise pleaded in the present action; nor is it alleged in the complaint herein that the plaintiffs ever executed or made any contract whatsoever to supply defendants with ice.

Defendants filed a general demurrer to the complaint and also moved to strike out of said complaint the several allegations referring to the complaint, answer, findings and judgment in the former suit, as well as to strike out the copies of such documents attached to the complaint herein and made a part hereof. The court overruled the demurrer and denied the motion. In so doing we are of opinion the court erred. It must be noted that the action is not one upon a judgment, but to recover damages for a breach of a contract no description of which appears in the complaint and in the absence of any allegation in the complaint to the effect that plaintiffs ever executed such contract.

"Whatever is an essential element to a cause of action must be presented by a distinct averment, and cannot be left to an inference to be drawn from the construction of a document attached to the complaint." (*Burkett* v. *Griffith*, 90 Cal. 532, [25 Am. St. Rep. 151, 27 Pac. 527].) An allegation

to the effect that plaintiffs had entered into the contract was a matter of substance without which the complaint did not state a cause of action. Here the execution of the instrument on the part of plaintiffs is left to inference or argument based upon the findings in the former case, wherein the court found that plaintiffs and defendants entered into a certain contract therein set out. The defect was not cured by such reference. (*Los Angeles* v. *Signoret,* 50 Cal. 298; *Ward* v. *Clay,* 82 Cal. 505, [23 Pac. 50, 227].) At most, these documents so attached and therein referred to constitute mere evidence as to the questions adjudicated in the former suit. "Where a complaint merely states the evidence from which ultimate facts are deducible, a demurrer lies." (*McCaughey* v. *Schuette,* 117 Cal. 223, [59 Am. St. Rep. 176, 46 Pac. 666, 48 Pac. 1088]; *Thomas* v. *Desmond,* 63 Cal. 426; *Fredericks* v. *Tracy,* 98 Cal. 658, [33 Pac. 750].)

The record in the former suit, being evidentiary only, had no place in the complaint and should have been stricken out. The office of the complaint is to aver material, issuable facts which constitute the cause of action, and not the evidence to prove those facts. (*Jones* v. *Petaluma,* 36 Cal. 233; *Willson* v. *Cleaveland,* 30 Cal. 192.) Plaintiffs contend that by the former action certain facts were conclusively established, but that it devolved upon them, in order to avail themselves of the conclusive character of such facts, to plead the judgment-roll in such former action, together with such additional facts necessary to constitute a cause of action; that in the absence of such pleading the complaint would contain no allegation under which, if the issues rendered it material, the judgment and proceedings in the former case could be admitted in evidence. While, as a general rule, in order to render evidence available in support of a defense based upon matters of estoppel, such matters must be pleaded, the rule does not apply to the statement of a cause of action by plaintiff. Indeed, under our system of pleading no opportunity is afforded for such pleading on the part of plaintiff; nevertheless, the record may be given in evidence with the same conclusive effect as if it had been specially pleaded. The record in the former case could have no place in the complaint to recover damages on account of the breach of the contract. As said in *Wixson* v. *Devine,* 67 Cal. 341, [7 Pac. 776]: "It was not necessary or

proper for plaintiff to plead his former recovery. It operated by law of estoppel to the defense set up by the defendant, and as we have in our system of pleadings no replication to the answer, the estoppel could not properly be pleaded." To the same effect is *Riverside Land etc. Co.* v. *Jensen,* 108 Cal. 146, [41 Pac. 40] ; *Clink* v. *Thurston,* 47 Cal. 30; *Flandreau* v. *Downey,* 23 Cal. 354,

While the judgment and orders must be reversed for the foregoing reasons, it is proper, in view of the fact that a new trial may be had, to notice another point which defendants assign as reversible error. Defendants in their answer allege, "that the matter of said damages, alleged to have been suffered by plaintiffs from said alleged failure of these defendants to comply with said alleged contract, has been once adjudicated and determined, and that it cannot now be litigated in this action, and that plaintiffs are, and each of them is, estopped by reason thereof to maintain this action"; and they contend that such allegation is conclusively proven by the documents contained in the record in the former case. As a general rule, a judgment in a former case is not conclusive of any matters which only come collaterally in issue, nor of any matters incidentally cognizable, nor of any collateral facts which are offered in evidence to establish facts in issue. (*Lillis* v. *Emigrant Ditch Co.,* 95 Cal. 553, [30 Pac. 1108]). For the purpose of determining whether the issues involved in a former suit constitute a bar to a second action reference will ordinarily be had to a comparison of the record in the two cases. Here, however, the judgment in the former action which defendants attempt to plead as a bar solemnly adjudges and decrees, "that on account of the insufficiency of the pleadings . . . in this action to warrant or sustain a judgment for damages which may have accrued to the plaintiffs, the matter of damages is hereby reversed and excepted from the operation of this judgment, to be determined by a separate action to be brought by the plaintiffs for that purpose if necessary." Without regard to the rule, this judgment, so long as it stands, presents an insurmountable obstacle to defendants' contention on the grounds stated.

There is no merit in defendants' contention that electing to sue for an injunction was a waiver of plaintiffs' right to assert a claim for damages in a subsequent action.

Under the views herein expressed it does not appear necessary to discuss other points argued by counsel.

The judgment and both orders are reversed, with instruction that the court sustain the general demurrer interposed by defendants, and grant their motion to strike from the complaint the parts thereof designated in said motion, and grant leave to the parties to file such amended pleadings as they may be advised.

Allen, P. J., and Taggart, J., concurred.