[Civ. No. 781.    Third Appellate District.—February 11, 1911.]

## CHARLES ZANY, Respondent, v. THE RAWHIDE GOLD MINING COMPANY, a Corporation, Appellant.

ACTION FOR SERVICES—VERIFIED COMPLAINT—FACTS PRESUMPTIVELY KNOWN TO DEFENDANT—DENIALS ON INFORMATION AND BELIEF—JUDGMENT UPON PLEADINGS.—In an action for services rendered to defendant, where the complaint is verified, and the facts therein stated are presumptively within the knowledge of the defendant, and all of the denials are merely upon information and belief, or for want of information and belief, such denials admit the allegations of the complaint, and judgment was properly rendered upon the pleadings.

ID.—POSITIVE ANSWER REQUIRED TO RAISE AN ISSUE—EVASIVE ANSWER INSUFFICIENT.—Where the facts stated in such complaint are pre-

sumptively known to the defendant, a positive answer is required to raise an issue. An evasive answer on information and belief raises no issue, but admits the verified allegation so answered.

ID.—LACK OF KNOWLEDGE IN FACT—EXPLANATION ESSENTIAL.—If the defendant presumed to know the facts has a lack of knowledge in fact, an explanation is essential how it happens that he is without such knowledge.

ID.—RULES OF PLEADING IN ANSWER TO VERIFIED COMPLAINT APPLICABLE TO CORPORATIONS.—The rules of pleading in answer to a verified complaint as to facts presumptively known apply as well to corporations defendant as to individuals.

ID.—IMPLICATION AGAINST KNOWLEDGE OF CORPORATION NOT PERMISSIBLE.—The implication that the defendant corporation has no positive knowledge whether it entered into a contract with plaintiff to board its employees and to furnish it with a team at a certain price, and to perform services for it, at its request, and whether it has not paid therefor is not to be tolerated, and is opposed to common observation and experience.

ID.—OBJECT OF RULES OF PLEADING.—The rules of pleading under our system are intended to prevent evasion and to require a denial of every specified averment in a sworn complaint, and whenever the defendant fails to make such denial, he admits the averment.

ID.—IMMATERIAL AVERMENTS AS TO ASSIGNMENT AND REASSIGNMENT—PROBATIVE MATTERS.—Averments as to an assignment by plaintiff and a reassignment to him, which left his claim as it was originally, involve probative matters that have no place in the pleadings, and are wholly immaterial, as the complaint is sufficient without them.

ID.—ORDER DENYING MOTION TO SET ASIDE JUDGMENT FOR AMENDED ANSWER—REVIEW UPON APPEAL—ABSENCE OF BILL OF EXCEPTIONS.—An order denying defendant's motion to set aside the judgment and for leave to file an amended answer, in the absence of a bill of exceptions, cannot be said upon appeal to have involved an abuse of discretion.

ID.—AFFIDAVITS APPEARING IN RECORD—DENIAL OF MOTION JUSTIFIED.—If it be assumed that the affidavits appearing in the record are sufficiently authenticated, it cannot be held that the affidavits and counter-affidavits so appearing are the only ones used at the hearing; but it is held that such affidavits show that the court was fully justified in denying the motion.

APPEAL from a judgment of the Superior Court of Tuolumne County and from an order refusing to set aside the judgment, and for leave to file an amended answer. G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

Samuel M. Shortridge, and C. M. C. Peters, for Appellant.

J. B. Curtin, and Rowan Hardin, for Respondent.

BURNETT, J.—The plaintiff, in a verified complaint, sued the defendant for $1,972.88, the balance due for boarding the employees of defendant, and furnishing material and teams and performing certain services for defendant at its special instance and request.

The defendant's verified answer was as follows: "Comes now the defendant above named and for answer to the complaint in the above-entitled action, admits, denies and alleges as follows: First, it admits its incorporation as alleged in paragraph 1 of said complaint; second, upon its information and belief it denies each, all and singularly the allegations contained in paragraphs 2, 3, 4, 5 and 6 of said complaint; and third it alleges that as to the allegation contained in paragraph 7 of said complaint it has not sufficient information to enable it to make answer, and for that reason it denies the allegations contained in said paragraph 7 of said complaint. Wherefore said defendant prays to be hence dismissed with its costs." The plaintiff moved for judgment on the pleadings upon the ground that "the complaint filed in said action is verified and that the answer therein does not deny a single material allegation of said complaint." The motion was granted and judgment rendered accordingly for plaintiff, on July 5, 1910. Afterward a motion was made by defendant to have said judgment vacated and to be permitted to file an amended answer. This motion was heard on affidavits and counter-affidavits and was denied by the court on July 18, 1910. The court's action in rendering said judgment and denying said motion is herein assailed.

It is to be observed that not a single allegation of the complaint is denied positively. As is stated in *Loveland* v. *Garner*, 74 Cal. 301, [15 Pac. 844], the rule is well settled that "Where the facts alleged in the complaint are presumptively within the knowledge of the defendant he must answer positively and a denial upon information and belief will be treated as an evasion." (*Curtis* v. *Richards*, 9 Cal. 38.)

And in such a case, the defendant should, at least, show how it happened that he was without knowledge as to such facts. (*Brown* v. *Scott*, 25 Cal. 190.)    And the rule applies as well to corporations as to natural individuals. (*San Francisco Gas Co.* v. *San Francisco*, 9 Cal. 453.)    It is further declared, in the Loveland case, *supra*, that "for defendants to say (practically) that they do not know whether for seven months a certain person was their superintendent, or whether, during that time, the corporation of which they were directors worked or developed any mine, or extracted any ores or minerals, or incurred any liabilities or disbursed any money or was engaged in conducting the business of mining, or received any money whatever, is to indulge in a playful frivolity not consistent with the solemnity of sworn pleadings in a court of justice."    With equal propriety may it be asserted here that the implication that the defendant has no positive knowledge whether it entered into a certain contract with plaintiff to board its employees and to furnish said defendant with a team at a certain price, etc., and that plaintiff performed his part of the agreement, and that a certain amount of money became due thereunder to plaintiff and that no part of it has been paid, is not to be tolerated for a moment.    The assumption that defendant had no positive knowledge as to all these matters is opposed to common observation and experience.    If a defendant does know the facts, and lacks the courage or the candor to declare them, he cannot expect any consideration from a court of justice.    If, when he is served with the complaint, he is actually ignorant of any material fact which he ought to know, it is his duty to become informed before he files his answer.    (*Mendocino County* v. *Peters*, 2 Cal. App. 28, [82 Pac. 1122].)

The rules of pleading, under our system, are intended to prevent evasion and to require a denial of every specific averment in a sworn complaint, in substance and in spirit, and whenever the defendant fails to make such denial, he admits the averment.    (*Doll* v. *Good*, 38 Cal. 290.)

In *Hewel* v. *Hogin*, 3 Cal. App. 254, [84 Pac. 1002], it is held that the denial on information and belief by the treasurer of an irrigation district that certain coupons were ever signed by the secretary of said district raised no issue on that point.

In *Bartlett Estate Co.* v. *Fraser*, 11 Cal. App. 373, [105 Pac. 130], it is held that a denial of the averment of non-payment of a note for want of information and belief is evasive and raises no issue, "being of matter presumptively within the knowledge of the defendant, which must be positively denied."

In *San Francisco Gas Co.* v. *San Francisco*, 9 Cal. 453, it is said: "A municipal corporation outside of its government capacity is in many respects to be regarded the same as a private corporation, and its officers and agents through whom it acts must be presumed to know the contracts it enters into, the purchases it makes and the property it uses. Knowledge of such matters must rest with some of its officers and the corporation cannot shield itself under an assertion of ignorance." The same principle is announced and applied to different facts in various decisions of our supreme court.

As to the allegations in reference to the assignments, they are entirely immaterial, for, as pointed out by respondent, the assignment and reassignment left the claim as it was originally, and they really involve probative matters that have no place in the pleading. (*Miles* v. *McDermott*, 31 Cal. 271; *McCaughey* v. *Schuette*, 117 Cal. 224, [59 Am. St. Rep. 176, 46 Pac. 666, 48 Pac. 1088].)

The complaint is sufficient without them, and therefore their immateriality becomes apparent. (*Whitwell* v. *Thomas*, 9 Cal. 499.)

In reference to the appeal from the order denying the motion to set aside the judgment and permit defendant to file an amended answer, it is really sufficient to say that it cannot be determined, in the absence of a bill of exceptions, that there was an abuse of discretion. Even if we assume that the affidavits are sufficiently authenticated, we cannot hold that no others were read and filed at the hearing. (*Manuel* v. *Flynn*, 5 Cal. App. 319, [90 Pac. 463]; *Ramsbottom* v. *Fitzgerald*, 128 Cal. 75, [60 Pac. 522]; *Estate of Dean*, 149 Cal. 487, [87 Pac. 13].)

But, looking at the showing as it appears in the record, we can readily understand why the court below should look with disfavor upon defendant's application. For, among other things, it appears, apparently without contradiction, that the president of the corporation declared to Mr. Zany that he

would keep said plaintiff out of the money due him just as long as he could; that he would keep the suit pending as long as possible; that he would carry said action to the highest court of the land and would cause said Zany as much trouble and expense as he could; that he would fight any suit in such a manner that Zany should never get a cent, for it would cost him every dollar that he might recover in costs and attorneys' fees, and that he would drive Zany out of the county a beggar. There are other statements in the affidavits strongly tending to show the entire absence of good faith and the utter want of any valid defense on the part of appellant; to which statements the trial court had a legal right, of course, to give full credit.

In view of the record, it is perfectly clear that we cannot disturb the judgment or order without doing violence to well-established principles of procedure and exceeding the prescribed limits of appellate jurisdiction.

The judgment and order are affirmed.

Hart, J., and Chipman, P. J., concurred.