[Civ. No. 1166.   Second Appellate District.—November 22, 1912.]

## MAY MENTRY, A. C. MENTRY, and IRENE F. MILLER, Respondents, v. BROADWAY BANK & TRUST COMPANY (a Corporation), FRANK L. FORRESTER and ANNA L. FISKE, Appellants.

Action by Owners to Determine Adverse Claim Against Assignee of Mortgage—Tender of Amount Admitted Due not Required—Rule of Rescission Inapplicable.—An action may be maintained under section 738 of the Code of Civil Procedure by the owners in possession of real property to determine an adverse claim against the assignee of a mortgage encumbrance thereon, without any previous tender or offer to pay the amount due on the mortgage. In such case, the conditions necessary in an action to rescind the contract, do not apply.

Id.—Assignee of Mortgage Put on Inquiry as to Rights of Mortgagor.—It is settled law in this state that one about to take an assignment of a mortgage is bound in his own interest to inquire of the mortgagor as to the validity of the instrument and of the transaction on which it was founded, and as to the amount due, and whether the mortgagor has any defenses or set-offs to interpose against it; if he neglects to do this, he takes the mortgage subject to all infirmities or objections which could have been set up against it in the hands of the original mortgagee, being charged with knowledge of all facts which such an inquiry would have disclosed.

Id.—Facts Claimed to Estop Plaintiffs must be Pleaded to be Relied on.—Facts claimed to estop the plaintiffs from asserting that the note and mortgage were for less than the full amount, cannot be relied upon by the defendants unless the same are especially pleaded, where there was an opportunity to make such plea. In such case, no evidence as to an estoppel is admissible, and such evidence cannot be considered by the court.

Id.—Rule as to Effect of Acknowledgment of Deed Inapplicable to Acknowledgment of Mortgage Lien.—The rule as to the effect of an acknowledgment of a deed, that it is a public declaration of a fact upon which all persons may in good faith act, and which the grantor is estopped from attacking, has no application in this state when the question relates to a mortgage, which is but a lien and encumbrance upon the property.

Id.—Evidence—Permitting Plaintiffs to Show Necessity to Borrow Elsewhere, on Failure of Mortgagee—Absence of Prejudicial Error.—It is held that there was no prejudicial error in permitting the plaintiffs to show the necessity to borrow money elsewhere, by

reason of the failure of the mortgagee to advance the money agreed. Such evidence could not have prejudiced the defendants in any view of the case.

ID.—FINDING AS TO ESTOPPEL UNNECESSARY.—There being no issue as to estoppel, no finding upon that question was necessary.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Williams, Goudge & Chandler, for Appellants.

Hutton & Williams, for Respondents.

ALLEN, P. J.—The action was one instituted by plaintiffs to determine adverse claims to real property described in the complaint the ownership and seisin of which was alleged to be in plaintiffs. Defendants and appellants answered, each alleging that on October 16, 1908, plaintiffs executed to one L. E. Jones their promissory note for the sum of five thousand five hundred dollars, copy of which is set out and made a part of the answer, and as a part of the same transaction, to secure the payment of such note, executed a mortgage in writing upon the property described; that thereafter, on October 24, 1908, said Jones assigned and transferred said note and mortgage to the Broadway Bank & Trust Company, after which date, to wit: on November 19, 1908, defendant Fiske, through defendant Forrester, her agent, purchased said note, paying the face value thereof, and the same was assigned and transferred to said Fiske. It is further averred that said Fiske is the owner and holder of the note and mortgage and that no portion of the mortgage indebtedness has been paid, except the sum of two hundred and twenty dollars interest paid thereon April 16, 1909; and defendants asked that the mortgage be declared a first lien upon the property and that plaintiffs be decreed to hold the title subject thereto. The defense is thus seen to have been founded upon a written instrument, copy whereof is contained in the answer, and plaintiffs not denying its genuineness and due execution under oath, such genuineness and due execution of the instrument set out is thereby admitted.

Under this admission of plaintiffs, and under the issues presented, the trial court proceeded to a hearing of the cause and found the ownership and seisin in plaintiffs, the execution of the note and mortgage as in the answers alleged, and the ownership thereof in said Fiske. The court further found that the only adverse interest held by defendants and appellants was that of an encumbrance upon the property created and established by the said note and mortgage, the amount of which encumbrance the court found to be the sum of two thousand five hundred dollars, with interest thereon, and by its judgment decreed plaintiffs to be the owners and seised of the premises subject to the lien of defendants for two thousand five hundred dollars, with interest from October 16, 1908, less a credit of two hundred and twenty dollars paid on account of interest, which interest was to be computed according to the terms and provisions of the note and mortgage. Defendants and appellants moved for a new trial, which was denied, and they appeal from the judgment and order upon a statement of the case.

It is appellants' first contention that the action authorized by section 738 of the Code of Civil Procedure, being one in the nature of an action to quiet title, cannot be maintained by an owner as against a mortgagee without first, and as a condition precedent, tendering a return of the amount received and due upon the mortgage. We are of opinion that the conditions precedent necessary in order to entitle a party to rescind a contract *in toto* are not required in an action of the character here sought to be maintained. One owning or being possessed of real property may have a court determine the amount and extent of a lien actually existing under the provisions of section 738 without any tender or offer to pay the amount admitted to be due. Section 738 authorizes an action to be brought by any person against another who claims an interest in real property adverse to him for the purpose of determining such adverse claim. "It is settled by the decisions that the owner of any estate or interest in land of which the law takes cognizance, is entitled under this statute to have any claim adverse to his interest, such as it is, determined." (*German-American Sav. Bank* v. *Gollmer*, 155 Cal. 687, [24 L. R. A. (N. S.) 1066, 102 Pac. 933].) An encumbrance by way of mortgage is a claim adverse to the interest

of the owner, and we think may be determined under the
statute above cited. The facts of the case as presented by
the record are as follows: Plaintiffs applied to Jones for a
loan of five thousand five hundred dollars which he agreed
to make when good title was ascertained. The note and
mortgage were signed and left with a notary. Jones ob-
tained possession of the note and mortgage and, procuring a
certificate of title showing an encumbrance of the mortgage
only, hypothecated the note and mortgage with the Broadway
Bank & Trust Company as security for a loan of four thou-
sand nine hundred dollars. At that time Jones had only
advanced to the mortgagors about one thousand two hundred
and fifty dollars of the amount of the mortgage. The bank
within a few days thereafter sold the note and mortgage to
defendant Fiske and of the proceeds discharged the Jones
note for which said note and mortgage were held as collateral.
Thereafter from time to time Jones advanced to the mort-
gagors an additional sum of one thousand two hundred and
fifty dollars, and no more, and in February, 1909, Jones ab-
sconded and has ever since been a fugitive from justice.
Plaintiffs had no knowledge of the transfer of the note and
mortgage until shortly after the second day of December,
1908, and thereafter, on the twenty-fourth day of December,
one of the plaintiffs called upon Forrester, the agent of Fiske,
and made known to him the fact of Jones's failure to advance
the full amount of the mortgage. The agent and Mentry then
visited Jones and Jones promised to advance the balance
called for by the mortgage before two o'clock that day. The
agent told Mentry that if Jones did not pay it to let him
know. Mentry gave the agent no further notice of Jones's
default, and afterward in April paid the interest due upon
the entire amount of the mortgage. Subsequently, in June,
1909, the attorneys for all three of the plaintiffs notified the
agent Forrester and defendant Fiske that the mortgage was
obtained criminally and possession improperly secured, and
they demanded the return of the note and mortgage, which
was refused and this action was brought in October following.
The record shows that after the twenty-fourth day of De-
cember, the date of the interview between Jones, Mentry, and
Forrester, Jones had on deposit with the bank in February,

1909, the sum of $1,212.53 which he subsequently at various times drew out and his account was balanced.

It is appellants' further contention that under the facts presented the plaintiffs are estopped to claim that the note and mortgage are for less than the full amount. It is settled law in this state that "one about to take an assignment of a mortgage is bound in his own interest to inquire of the mortgagor as to the validity of the instrument and of the transaction on which it was founded and as to the amount due, and whether the mortgagor has any defenses or set-offs to interpose against it; if he neglects to do this he takes the mortgage subject to all infirmities or objections which could have been set up against it in the hands of the original mortgagee, being charged with knowledge of all facts which such an inquiry would have disclosed." (*Briggs* v. *Crawford,* 162 Cal. 124, [121 Pac. 381].) This rule insures to the plaintiffs in this case the right, notwithstanding the assignment of the note and mortgage, to every defense which they might have made had Jones retained the mortgage. It goes without saying that if Jones had sought to foreclose the mortgage they could have defended against it to the extent of his default in the advancements, and that the only lien which he could have had under a decree of foreclosure would have been as to the actual amount of money advanced by him, which was the sum the court in this case decreed to be a lien in favor of Mrs. Fiske, the purchaser. Mrs. Fiske had knowledge and notice long before this suit was instituted of the actual condition of affairs. She knew that Jones had not advanced the amount of money requisite and that plaintiffs would claim a defense thereto because of such failure. Having such knowledge, she did not plead in her answer, nor did the bank, any facts by way of an estoppel. "That a party who has an opportunity to plead an estoppel, upon which his cause of action or defense depends, must do so, is the recognized rule in this state." (*Fritz* v. *Mills et al.,* 12 Cal. App. 117, [106 Pac. 726], and authorities there cited.) This rule suffers an exception only in instances where under our system of pleading no opportunity is afforded for a pleading wherein an estoppel may properly be pleaded. (*Ahlers* v. *Smiley,* 11 Cal. App. 343, [104 Pac. 997].) The defendants having cognizance, then, of the character of the defense which plaintiffs claimed to

the mortgage, it was their duty, had they desired to avail themselves of any facts constituting an estoppel, to have pleaded the same. The opportunity so to do was afforded and their neglect precludes them from the introduction of evidence tending to establish an estoppel, or from the court's consideration of evidence in that direction. This we say is the rule were it even assumed that the facts of the case are such as would have estopped the plaintiffs from asserting their claim of a failure of consideration in part. It will be observed that Mrs. Fiske did no act or thing based upon any promise made by Mentry to her agent. That such a promise should operate as an estoppel, it must be made to appear not only that she changed her position, but that relying upon such promise an injury resulted by reason thereof. There is no averment in the answer nor in fact is there any evidence in the record tending to show a reliance upon Mentry's promise, or that by reason of such reliance she was prevented from taking any steps necessary for her indemnification, or that any steps which she might have taken could have so resulted. There can be no inference from the facts that the appellants changed their position by reason of the neglect of Mentry to give the notice, or of any delay in instituting the action, unless it be assumed that such notice if given would have afforded them an opportunity to have recouped by an action against Jones, or the bank as a guarantor, the amount of the loss suffered. But, as we have said before, there was no plea of any estoppel, or of any facts supporting the same, and hence it was not proper for the court to consider them.

Appellants' citation of authorities to the effect that the acknowledgment of a deed is a public declaration of a fact upon which all persons may in good faith act and which the grantor is estopped from attacking, can have no application in this state where the question involved relates to a mortgage which is but a lien and encumbrance upon the property, and were its force even conceded in that direction, our supreme court has by the decisions hereinbefore cited declined to observe the rule.

We see no prejudicial error in the action of the court permitting the plaintiffs to show that they had been compelled to borrow money elsewhere by reason of Jones's failure to advance the amount agreed. Assuming the incompetency of

such evidence, it could not in any view of the case have preju-
diced the defendants.

Appellants' final contention is that the court failed to find
upon a material issue relative to an estoppel. As we have
before attempted to show, there was no issue with relation to
an estoppel and no finding was necessary.

We see no error in the record, and the judgment and order
are affirmed.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied by
the supreme court on January 20, 1913.