[No. 4888.]

## WILLIAM ALLEN v. FANNY REED.

BOUNDARY LINES.—If two persons own adjoining tracts of land, and one of them erects a fence upon what he believes to be the boundary line between the tracts, and the fence is not on the true line, but is several inches on the adjoining tract, and the one building the fence holds adverse possession of the land of the other thus inclosed for several years, under the belief that the fence is on the true line, these facts do not make the line on which the fence is built the dividing line, nor make it the true line, and the one whose land is taken can recover it in ejectment.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

Ejectment to recover lot number two, in the block bounded by N and O and Ninth and Tenth streets, in the city of Sacramento.

In 1858, W. C. Burnham became the owner of the west half of lot three in said block, and erected a fence on the line pointed out to him by a surveyor as the true line between lots two and three.    Burnham's deed described the land conveyed as the "west half of lot three" in said block, and contained no specific boundaries.    He continued to occupy the land inclosed as the west half of lot three, and to claim it adversely until 1868, when he sold to J. F. Clark by a conveyance containing the same description.    Clark occupied in the same way until 1870, when he conveyed to the plaintiff by the same description.    Each claimed the land inclosed as the west half of lot three, and their possession was not disturbed.    Lot two was sold for taxes in 1869, and, in 1872, a tax-deed was given therefor.    The tax-deed de-

scribed the property as lot two in said block. This action was commenced on the 29th day of September, 1874. On the trial, the plaintiff sought to recover the belt of land eleven inches wide, which had been cut off from the east side of lot two by the fence. The court rendered judgment for the plaintiff, and the defendant appealed.

*T. B. McFarland*, for the Appellant.

The findings show that for sixteen years continuously before the commencement of this action the appellant and her grantors have held possession of the " west half of lot three " up to the lines of the present fence, claiming title to the same up to said lines under their deeds; and that such possession has been actual, notorious, and adverse " to the owners of lot two and all the world." This, by all the authorities, constitutes a conclusive establishment of the line between lots two and three, although the original line, according to the official plan of Sacramento, may have differed from it a few inches. (Angell on Limitations, 418; *Burrell* v. *Burrell*, 11 Mass. 296.)

The fact that respondent bought " lot two " on a sale for taxes within five years (the ground upon which the court below based its decision) is of no consequence whatever. The question is, What is the boundary line between lots two and three ? The answer is: The line of appellant's fence established and acquiesced in for sixteen years.

*R. C. Clark and A. C. Freeman*, for the Respondent.

By the Court, RHODES, J.:

Lot number three in the block bounded by N and O and Ninth and Tenth streets, in the city of Sacramento, lies to the east of and adjoining lot number two, in the same block. The party under whom the defendant claims title, being the owner of the west half of lot number three, erected a substantial fence around the same, on the lines which were pointed out to him by a surveyor as the correct lines. The western fence is eleven inches west of the true line dividing lot number three from lot number two. The defendant and

his grantors have had the continuous adverse possession of the strip of land cut off of lot number two by the fence from the year 1858 to the commencement of this action. The plaintiff acquired the title to lot number two by means of a deed executed by the sheriff, in pursuance of a sale of the lot, which was made by virtue of an order of sale, issued upon a judgment against it for delinquent taxes. The sale was made within five years next before the commencement of the action.

The tax-deed, its validity not being questioned, must be held to have conveyed to the grantee the title to lot number two; and the only inquiry is, where is the eastern boundary of that lot? The proposition of the defendant is that the erection and maintenance of the fence, and the adverse possession taken and held, in the manner and under the circumstances stated, operated as a conclusive establishment of the line dividing lot number two from lot number three, at and along the line of the defendant's western fence—that the line thus established must be regarded as the true line, although it varies from the line of the official survey of the city. There is no ground upon which that proposition can be maintained. Whatever may have been the effect of the adverse possession upon the title to a portion of lot number two, there is no ground upon which it can be claimed that such adverse possession destroyed the identity of the lot, or in any manner changed its boundaries. The authorities cited by the defendant do not sustain that proposition.

Judgment affirmed.

Mr. Chief Justice WALLACE did not express an opinion.