HIRAM BACKUS v. THOMAS JEFFREY.

*Jurisdictional limit of value in suit as to real property.*

A suit to reform and correct a conveyance is not a suit concerning property in the sense intended by the statute, which requires suits con-

cerning property to be dismissed when the matter in dispute shall not exceed $100.

Still, if the correcting is merely to bring within the grant a strip of land insignificant in value, the court may well dismiss it on that ground.

And if it appears that before the suit was instituted the defendant had conveyed away the land in question, so that correcting the deed will only give occasion for litigation, this fact may be allowed weight if the case is not clear on its equities.

Appeal from Livingstone.   Submitted October 14. Decided October 19.

BILL to reform deed.   Dismissal affirmed.

*R. H. Person* and *H. H. Harmon* for complainant.

*Dennis Shields* and *Jay Corson* for defendant.

COOLEY, J.   This is a bill to correct a conveyance of farming lands so as to bring within its terms a small strip of land containing about one acre.   The deed bears date December 21, 1872, and was given by the defendant to one Joseph Cobb, through whom the complainant claims.   Defendant had previously made a conveyance to Cobb of a parcel purporting to be five acres, and the deed in question is of ten acres adjoining.   The ten acres are described by metes and bounds, and it is claimed that as described about an acre of the parcel previously conveyed is included.   This comes, as we understand it, from the first deed conveying more land than was estimated in giving it.

1. The case is weak on the facts, for it is not very clearly made out that any mistake has actually been made.   It is quite as weak in its equities, for there is very little reason to suppose Cobb intended by the two deeds to convey more than fifteen acres.

2. Defendant insists the court has no jurisdiction, because the value of the land in controversy is trifling.   By the statute the court is required to dismiss suits concerning property—excepting those between partners and for the foreclosure of mortgages—where the matter in dispute shall not exceed one hundred dollars; and this acre of land is not

worth one-fourth of that sum. In strictness, however, this statute does not apply. The bill is to correct a conveyance, and affects property only incidentally. Still where the property that will be affected is so insignificant in value, it is very proper to refuse to take cognizance of the suit. There is no claim in this case that the property is of any special and peculiar value, and the court would have been justified on this ground in dismissing the suit.

3. There is a further fact which is entitled to some weight. Defendant, before the suit was instituted, had conveyed away the land which complainant seeks to reach, and correcting the deed will not give it to complainant. It will only give him a right of action on the covenants in defendant's deed, or perhaps a right to contest with the grantee of defendant the *bona fides* of his conveyance. In a clear case this fact would have little or no importance; but it is a circumstance which may well be allowed to control when the question appears to be whether the opportunity for further litigation over so insignificant a matter shall be offered.

The court of chancery properly dismissed the bill, and the decree must be affirmed with costs.

The other Justices concurred.