[No. 8,208.—Department One.]<br>July 27, 1882.

## D. SHEILS *v.* THOMAS HALEY.

ADVERSE POSSESSION—STATUTE OF LIMITATIONS—PRACTICAL LOCATION—BOUNDARY.—C. being the owner of a lot of land fronting on the north forty feet on a street and extending back one hundred and sixty feet to an alley, sold and conveyed—on September 22, 1874,—the eastern fifteen feet of the same to the defendant, and on July 25, 1876, sold the western twenty-five feet of the lot to the plaintiff. At the time of the first sale there were two houses on the lot—one on the western twenty-five feet and the other on the eastern fifteen feet; and there was a fence running between the two houses—from a point on the street three feet and two and one-half inches west of the true west line of the defendant to a point on the alley five inches west of that line. In an action to quiet title commenced July 27, 1881—in which this strip constituted the land in controversy—it appears that the fence remained and the parties by mutual mistake occupied according to it—until January, 1881,—but each paying taxes on his respective number of feet—when the mistake was discovered and plaintiff demanded possession. The Court found that the possession of the defendant was not adverse until January, 1881. *Held:* that the evidence does not show the contrary.

APPEAL from an order overruling defendants' demurrer to plaintiff's complaint and from a judgment for plaintiff and from an order denying a new trial in the Superior Court of the County of Sacramento. DENSON, J.

Action to quiet title. The defendant in his answer denied the allegations of the complaint, and alleged an adverse possession of over six years prior to the commencement of the suit.

The Court found as follows: In the year 1868 one Edward Cadwalader was the owner of, and in possession of the west half of lot three, in the block bounded by G and H and Eighth and Ninth streets, in the City of Sacramento, County of Sacramento, and State of California, being a piece of land forty feet wide and one hundred and sixty feet long, fronting forty feet on said G Street, and extending one hundred and sixty feet back to an alley in said block, upon which real estate was a frame house, situate on the west side thereof. About the year 1870 said Cadwalader moved another frame house upon the eastern side of said land, and ran a fence dividing the one house from the other. The fence was not intended as a division fence or line, nor was it intended or erected as marking off fifteen, or any number of feet, for the house as aforesaid moved on to the eastern side of said land, or twenty-five or any number of feet for the house situated on the western side of said land. The fence was erected solely for convenience sake in renting said houses, and was not designed to be, nor was it considered as a boundary or division line.

2. September 22, 1874, said Cadwalader sold and conveyed to the defendant the east fifteen feet of said west half of said lot three, so owned by said Cadwalader.

3. July 25, 1876, said Cadwalader sold and conveyed to the plaintiff the west twenty-five feet of said west half of said lot three so owned by said Cadwalader; and the said plaintiff ever since has been and now is the owner of, in the possession of, and entitled to the possession of said twenty-five feet.

4. That since said July 25, 1876, the plaintiff has paid all the taxes—State, county and municipal—which have been levied and assessed upon said twenty-five feet conveyed to him by said Cadwalader, including the real estate hereinafter described in Finding Sixth.

5. That since said September 22, 1874, the defendant has paid the taxes upon said fifteen feet conveyed to him by said Cadwalader, and upon nothing else.

6. That by mutual mistake defendant has been in possession, without claim or right of title thereto, of the following described portion of said twenty-five feet conveyed as aforesaid

to plaintiff, viz.: (the land in controversy, being the land lying between the true line and the fence above referred to.)

7. That said mistake was not discovered until some time in January, 1881, and when so discovered the plaintiff immediately demanded the possession thereof from defendant.

8. That the defendant is not the owner of said portion of said twenty-five feet described in Finding Sixth; and the defendant has not been in the actual or continuous, or open, or notorious, or exclusive, or adverse possession or occupation of the same, or any part thereof, for any length of time, except since January, 1881.

9. That the plaintiff is the owner of and entitled to the possession of said real estate described in Finding Sixth.

And as conclusion of law I find that plaintiff is entitled to judgment, as prayed for in his complaint.

*Dunlap & Van Fleet,* for Appellant.

When owners of adjoining lands have acquiesced for a length of time equal at least to the length of time prescribed by the Statute of Limitations to bar a right of entry in the location of a division line between their lands, although it may not be the true line according to the calls of their deeds, they are thereafter precluded from saying it is not the true line. (*Sneed* v. *Osborn,* 25 Cal. 626, and authorities cited; *Whitman* v. *Steiger,* 46 Id. 258; *Columbet* v. *Pacheco,* 48 Id. 394, and authorities cited; *Biggins* v. *Champlin,* Id.)

*Grove L. Johnson,* for Respondent.

The possession by defendant of the tract in dispute was a mere mistake, and not a claim; and it gave him no rights, and worked no disseisin of plaintiff. (*Thompson* v. *Pioche,* 44 Cal. 509–17; Re-affirmed, *Thompson* v. *Felton,* 54 Id. 547; *Lovell* v. *Frost,* 44 Id. 471; *Houx* v. *Batteen,* 68 Mo. 84; *Tamm* v. *Kellogg,* 49 Id. 118.)

Even if defendant's possession could be deemed adverse, it could be deemed so only up to April 1, 1878, because of the amendment to Section 325 of the Code of Civil Procedure, which went into effect on that day, and requires parties claiming title by the Statute of Limitations to show that, for five

years, they have paid the taxes assessed against the land claimed.

The COURT:

The title to the property in question was in the plaintiff; possession follows the title unless the contrary appear. The evidence does not show that defendant was in the adverse possession of the property prior to January, 1881.

Judgment and order affirmed.