[No. 9566. Department Two. —December 10, 1887.]

## EDWARD BREEN, RESPONDENT, v. E. J. DONNELLY ET AL., APPELLANTS.

REFORMATION OF DEED — STATUTE OF LIMITATIONS — PARTITION DEEDS — MISTAKE IN RUNNING BOUNDARY. — Two tenants in common of a tract of land containing over forty-eight thousand acres, for the purpose of making a partition, entered into an agreement for the division thereof into two equal parts, and for the interchange of deeds, so that each would own a half in severalty. In pursuance of their agreement, they employed a surveyor, believed by them to be competent, who ran a line which he assured them divided the land into halves. The co-tenants thereupon, mutually relying upon the assurance of the surveyor, exchanged deeds in accordance with the line so run. The line did not divide the land in halves, but included in that conveyed to the ancestor of the defendants upwards of five hundred acres more than he was entitled to. The plaintiff, who was the heir of the other co-tenant, did not discover the mistake until thirteen years after the interchange of deeds. Since that time the land had been used exclusively for grazing, and no improvements had been placed thereon by the defendants. *Held*, that the plaintiff could maintain an action to reform the mistake in the conveyance, and that the statute of limitations did not commence to run against his right until the discovery of the mistake.

BOUNDARIES OF MEXICAN GRANT — GOVERNMENT SURVEY. — In the absence of any showing to the contrary, the boundaries of a Mexican grant as

established by the final survey of the United States surveyor-general, made under the direction of and approved by the United States government, and incorporated into the patent, are to be taken as correct.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Montgomery & Ryland, William Matthews, T. H. Laine,* and *Moore, Laine & Johnston,* for Appellants.

The alleged mistake having occurred in 1867, and the action having been brought in 1881, the action was barred. No sufficient excuse for the delay was shown. (*Robins* v. *Hope,* 57 Cal. 495; *Dickinson* v. *Lee,* 106 Mass. 558; *Manning* v. *San Jacinto Tin Co.,* 7 Saw. 419; *Badger* v. *Badger,* 2 Wall. 95; *Board of Commissioners* v. *Younger,* 29 Cal. 173; 87 Am. Dec. 164.) The plaintiff, having acquiesced in the location of the line for so long a time, is concluded by it. (*Columbet* v. *Pacheco,* 48 Cal. 397; *Moyle* v. *Connolly,* 50 Cal. 295; *Cooper* v. *Vierra,* 59 Cal. 282.)

*S. F. Leib,* and *Briggs & Hawkins,* for Respondent.

The cause of action did not accrue until the discovery of the mistake. (*Irvine* v. *Adler,* 44 Cal. 559; *Shiels* v. *Haley,* 61 Cal. 157.) The possession held in accordance with the mistaken line was not adverse or conclusive upon the rights of the plaintiff. (*Irvine* v. *Adler,* 44 Cal. 559; *Shiels* v. *Haley,* 61 Cal. 159; *Allen* v. *Reed,* 51 Cal. 362; *Smith* v. *Robarts,* 8 West Coast Rep. 503.)

McFARLAND, J.— This is an action to reform a deed. Judgment went for plaintiff in the court below; and from the judgment and order denying a new trial defendants appeal.

The following are the material facts: On and before December 18, 1867, Patrick Breen and James Dunne

were the owners in fee and in possession, as tenants in common, of a large tract of land containing over forty-eight thousand acres, and known as the Sobrante de San Lorenzo rancho, each owning an equal undivided interest. Prior to said last-named day, they had agreed upon a partition of the rancho, to be accomplished by ascertaining a line drawn from the easterly to the westerly side of the land, which should divide it exactly into two halves, or equal parts, and interchanging deeds of conveyance, so that each would own a half in severalty. To this end they had employed one Smith, reputed and believed by them to be an honest, competent, and skillful surveyor, to run said line, who had reported that he had surveyed and established a certain line which divided the rancho into two equal areas, as contemplated. This line was marked by stakes, and was afterward designated for some distance by a plow furrow. Both Breen and Dunne were informed by Smith and believed that he had correctly computed the areas on each side of said line, and that they were equal. Thereupon, in accordance with their agreements on the said eighteenth day of December, 1867, said Breen executed and delivered to said Dunne a deed of conveyance of the northeast half of said rancho; and said Dunne in like manner conveyed to said Breen the southeast half; and in each deed the description by metes and bounds included said line run as aforesaid by said Smith as a boundary line. The land was then, and ever since has been, used solely for the purpose of grazing; and after the date of said deeds, each party occupied separately his supposed part of said rancho, as divided and designated by said Smith line. Said Patrick Breen died in December, 1868, and said James Dunne died in 1874. The plaintiff, Edward J. Breen, as heir and purchaser from other heirs, is the successor in interest of said Patrick Breen, deceased; and the defendants, as heirs and personal representatives, are the successors in interest of said James Dunne, de-

ceased. The parties to this action have occupied said land in like manner as it had been occupied by said Patrick Breen and James Dunne in their lifetime.

As a matter of fact, the said line run by said Smith was not correct. It left in the northeast part deeded to said Dunne 1,110.64 acres more land than was in the southeast part deeded to said Breen. This mistake was not discovered until about June, 1880. Its discovery came about in this way: The state constitution adopted in 1879, and statutes passed under it, required large tracts of land to be sectionized, where the same had not been done by the United States government, for purposes of assessment and taxation; and plaintiff, for the purpose of complying with this requirement, employed a surveyor to sectionize his land, who for the first time discovered and made known the said mistake made by said Smith. Upon the discovery of the mistake, plaintiff requested defendants to rectify it; and they refused to do so.

This case has been argued by counsel for appellants upon the theory that there should be applied to it the rule that where coterminous owners of land establish a boundary line between them, and acquiesce in its correctness during the period of statutory limitation, such line cannot afterward be disturbed. Such is certainly the general rule in actions of ejectment to quiet title, etc., although it is, perhaps, not definitely settled to be the rule, even in those cases, when there has been a mutual mistake. (See *Sheils* v. *Haley*, 61 Cal. 157, and *Smith* v. *Robarts*, 8 West Coast Rep. 503.) But this is an action to reform a deed, — to correct a mistake in a written instrument and make it conform to the real intent of the parties. That a court of equity has power to correct such a mistake, in a proper case, is, of course, beyond doubt, and that the facts here make a proper case is equally clear. It is established beyond doubt that the two tenants in common intended to convey by deed to

each other the half of a tract of land, and that by pure mistake the deed sought to be reformed failed to convey such half.   There is no question here of innocent purchasers.   Neither are there any equities by reason of defendants having put any improvements on the land not included in the deed.   They have had the benefit of the use of the land for pasturage since the date of the deed, and have not expended upon it any money whatever.   In good conscience they ought to correct the mistake; and their only defense is founded upon the naked. plea of the statute of limitations.

But we think that the action was commenced in time. Section 338 of the Code of Civil Procedure enumerates the kinds of actions which must be commenced within three years; and subdivision 4 of said section is as follows: —

"An action for relief on the ground of fraud or mistake.   The cause of action in such case not to be deemed *to have accrued* until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."

In the case at bar, the discovery of the mistake was, not made until 1880, at which time the cause of action. "is deemed to have accrued."   The action was commenced in less than two years afterward.   It was therefore commenced in time, unless the circumstances were such that plaintiff ought to have known the mistake,. and therefore should be held in law to have had knowledge of it before the time of its actual discovery.   But. we think that there were no circumstances from which. he should be charged with such knowledge.   After the partition line had been run by a surveyor believed to be competent and honest, and who had been specially employed for that purpose, there was nothing to excite the suspicion of either party that such line did not divide the rancho into two equal parts.   Looking at, or walking or riding over, or using for grazing purposes, a tract of land containing over twenty-four thousand acres, would

not indicate to any one that it was five hundred acres more or less than the half of another tract containing over forty-eight thousand acres.

The court below did not err in holding that, in the absence of any showing to the contrary, the boundaries of the rancho established by the final survey of the United States surveyor-general, made under the direction of and approved by the United States government, which was incorporated into the patent, and followed by said Smith in fixing said partition line, may be taken to be correct.

Judgment and order affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.