[Civ. No. 515.   Third Appellate District.—December 8, 1908.]

## MARTIN HART, Respondent, v. BENSON WALTON, Appellant.

REFORMATION OF DEED—MUTUAL MISTAKE IN DESCRIPTION—ACTION BY INNOCENT PURCHASER—SUFFICIENCY OF EVIDENCE.—In an action by an innocent purchaser from the original grantee of land to reform the deed as against the original grantor for mutual mistake of the parties in its description, the plaintiff is entitled to the relief granted, when the evidence shows, without conflict, that the grantor sold one hundred and twenty acres of land and received full pay therefor, and that, by mistake of the scrivener in writing the word "of" where "and" should be, the land was so misdescribed, that by mutual mistake the deed conveyed one hundred and fifteen acres less than were intended to be conveyed, and that neither of the parties nor the plaintiff knew or suspected the mistake, until plaintiff was led to discover it a few days before suit brought, when corrective deeds were demanded, which the grantee executed, but the grantor refused to execute, and then for the first time began to claim the property as his own.

ID.—LAPSE OF TIME BETWEEN MISTAKE AND DISCOVERY—STATUTE OF LIMITATIONS.—The cause of action to reform the deed for mutual mistake of the parties is authorized by section 3399 of the Civil Code, and the time within which such a cause of action may be brought is regulated by subdivision 4 of section 338 of the Code of Civil Procedure, in which the limitation is three years after the discovery by the aggrieved party of the facts constituting the mistake; and when, notwithstanding the lapse of thirteen years between the occurrence of the mutual mistake and its discovery, it was not known or suspected to exist by either of the original parties, prior to its discovery by the plaintiff and his demand for corrected deeds a few days before suit, the cause of action is not barred by the statute of limitations.

ID.—ACTION NOT FOR THE RECOVERY OF REAL PROPERTY OR ITS POSSESSION.—The action brought to reform the deed for mutual mistake so as to make it speak the intention of the parties is not an action for the recovery of real property or the possession thereof, subject to the statutory limitation of five years without seisin or possession.

ID.—ACTUAL DISCOVERY OF MISTAKE—MEANS OF KNOWLEDGE—INQUIRY NOT A DUTY—ESTOPPEL OF GRANTOR.—Where the mistake of the parties was mutual, and resulted wholly from the undiscovered mistake of the scrivener, and there was nothing in the circumstances to lead the parties to suppose that all the land paid for was not conveyed, or to excite any suspicion of the existence of the mistake, the fact that the grantee had possible means of knowledge was not sufficient to put him upon inquiry as against his grantor. Nor does it lie in the mouth of the grantor to urge that it was the duty of his grantee and of the plaintiff to make inquiry as against him who was not only a party to the mistake but caused it through his scrivener and suffered no detriment therefrom, and who is asking, in his own wrong, to retain property which he sold and intended to convey.

ID.—DUTY OF INQUIRY LIMITED.—The duty of inquiry is exacted only in favor of innocent parties, and not in favor of wrongdoers.

ID.—PRAYER BEYOND OBVIOUS SCHEME OF ACTION—DISREGARD BY COURT—JUST CAUSE OF ACTION—INEQUITABLE BAR OF STATUTE.— A prayer that plaintiff be adjudged the owner of the property to be described in the reformed deed, and that defendant be enjoined from asserting any right thereto, goes beyond the obvious scheme and purpose of the complaint to reform the deed and was properly disregarded by the court. The cause of action, being just, should not be defeated by a strict and technical application of the statute of limitations in behalf of one whose claim must be intolerable in a court of equity.

APPEAL from a judgment of the Superior Court of Mendocino County, and from an order denying a new trial. J. Q. White, Judge.

The facts are stated in the opinion of the court.

Mannon & Mannon, for Appellant.

McNab & Hirsch, for Respondent.

BURNETT, J.—The action was brought to reform a deed. Plaintiff alleges that on the second day of November, 1893, defendant was the owner of certain lands in Mendocino county, consisting of two hundred acres, which are described in paragraph 1 of the complaint; that on said date the defendant agreed to sell, and did sell, said real property to one Mrs. Louise D. Milks; "that on the said 2nd day of November, 1893, the said defendant made, executed and delivered his deed of conveyance intending to convey and describe the lands hereinbefore in paragraph 1 of this complaint set forth and described and no other. And said Mrs. Louise D. Milks received said deed fully believing that said deed conveyed the lands which she had purchased, to-wit: the real property described in paragraph 1 of this complaint and no other. That by a mistake of both parties to said instrument the said deed of conveyance did not truly or correctly describe the premises sold and intended to be described therein but said deed of conveyance described certain of the property intended to be conveyed but failed to include within the description certain other lands intended to be described therein." Then follows a copy of the conveyance as it was executed. The manner in which the mistake occurred is also fully set forth. It was due to the carelessness of the scrivener in writing the word "of" instead of "and" in the following portion of the description: "N. ½ of the S. E. ¼ *and* the S. E. ¼ of the N. E. ¼ of section 21," thereby causing to be conveyed one hundred and fifteen acres less than was intended by the parties. "That thereafter, to-wit, on the 11th day of December, 1905, the said Mrs. Louise D. Milks had not discovered the said mistake and on the said date for a valuable consideration sold to plaintiff herein the lands hereinbefore in paragraph 1 of this complaint described. That in making out and executing the deed of conveyance of said lands by the said Mrs. Louise D. Milks

to this plaintiff, the scrivener drafting said instrument used the deed of conveyance containing the erroneous description'' from defendant to the said Mrs. Louise D. Milks. The same mistake was made, the parties believing that the land intended to be conveyed was properly described. The plaintiff did not discover said mistake until about the first of November, 1906. Desiring to sell said property he had an abstract prepared for the intending purchaser. The attorney who examined said abstract noticed the mistake and called it to the attention of plaintiff, who had up to that time fully believed that the aforesaid deeds correctly and truly described the lands actually purchased and paid for and intended to be conveyed by said grantors. The plaintiff immediately demanded of defendant Walton and of the said Mrs. Louise D. Milks that each of them execute to plaintiff a new deed to said premises correcting said mistake. Mrs. Milks did so but ''the defendant refused and still refuses to either make, execute or deliver a new or corrected deed to said premises and refused and refuses in any manner to correct said mistake.'' It is expressly averred that the defendant accepted payment in full for all the land intended and believed to be conveyed by said deed of November 2, 1893.

Defendant denied the material averments of the complaint, pleaded the statute of limitations, and filed a cross-complaint to quiet his title against plaintiff. The findings were against defendant, and it was adjudged that ''that certain deed of conveyance made, executed and delivered on the 2nd day of November, 1893, by Benson Walton to Louise D. Milks . . . be and the same is hereby reformed in the following particular, to-wit: By causing the description contained in said deed which reads therein N. ½ of SE. ¼ of SE. ¼ of NE. ¼ of Section 21, Township 22 N., R. 17 W., M. D. M., to be reformed so as to read N. ½ of SE. ¼ and SE. ¼ of NE. ¼ of Section 21, Township 22 N., R. 17 W., M.D.M. .. . That said reformation and correction of said description to be made and to take effect as of the date November 2nd, 1893.''

As claimed and stated by respondent, the evidence, without conflict, shows: ''1. That the appellant Walton sold the full quota of land misdescribed in the deed and received payment in full. 2. That by mistake of the scrivener the deed was so drawn that Walton conveyed five acres when he actually intended to convey one hundred and twenty acres for which he was paid. (It may be added that 80 additional acres are described in another portion of the deed.) 3. That Mrs.

Milks, to whom Walton conveyed the property, sold to plaintiff all the land Walton had intended to convey and that in copying the deed the same mistake was made. 4. That Milks recognized the mistake and corrected it. 5. That appellant Walton, while admitting that he had sold the entire tract and received payment in full therefor and acknowledging that he had relinquished all claim to the land and did not know of the mistake in the deed until a new deed was demanded of him just before the commencement of the action, refused to make a new deed and determined to make an attempt to hold the land regardless of the fact that he had sold it and received full payment therefor. 6. That the plaintiff and his predecessor in interest knew nothing of the mistake until a. few days before the action was brought.''

The further facts germane to the issues raised by the cross-complaint and plaintiff's answer thereto are that the whole of said tract intended to be conveyed as aforesaid was properly assessed to said Mrs. Milks from 1893 to 1905, inclusive, and the taxes were paid by her, and for the year 1906 it was assessed to, and the taxes were paid by, plaintiff, and during all this time said parties claimed to be the owners of all of said property and exercised the acts of ownership over said premises usually and commonly exercised by all owners of such property, it being unimproved timber land.

From the foregoing it is manifest that a judgment in favor of defendant would be clearly opposed to the generally recognized principles of equity and fair dealing. How he could hope to have it adjudged by the court, as pretentiously set forth in his cross-complaint, ''that he is and at all the times herein mentioned has been the owner and seised in fee, in the possession and entitled to the possession of the real property'' (describing that omitted from the deed to Milks) and ''that the plaintiff herein claims some estate, right, title or interest in or to the said land adverse to this defendant, but that such claim is without right and unjust and the said plaintiff has no right, title, estate or interest whatever in or to said above described real property or in or to any part or parcel thereof,'' is almost incredible in view of his own testimony that ''On November 2, 1893, I agreed to sell to Mrs. Louise D. Milks 200 acres of land for $800.00. I intended to convey to her all the land that I owned in that part of the country. I suppose there is a mistake in the description contained in the deed made and executed by me to Mrs. Milks. After I signed the deed I believed that I had deeded away my entire

200 acres. I commenced to claim those lands last fall before this suit was commenced. I made no explanation of my claim or nothing about it. I first discovered that I had made a mistake in the deed to Mrs. Milks since I was asked to make a new deed. Prior to that time I thought the land belonged to Mrs. Milks. I never lived there, but slept there several nights some years ago while out hunting." Out of his own mouth, therefore, assurance is furnished that he is not the owner, not in the possession, nor entitled to the possession of said land, and has not been since November 2, 1893, and furthermore that the claim of plaintiff is not "unjust" but entirely equitable, and one that should be enforced.

But, as we understand appellant, his only serious contention is that plaintiff should not have prevailed, for the reason that his cause of action is barred by the statute of limitations, it being asserted that the action is for the recovery of real property and barred by the provisions of section 318 of the Code of Civil Procedure, which provides that "No action for the recovery of real property, or for the recovery of the possession thereof, can be maintained, unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seised or possessed of the property in question, within five years before the commencement of the action." But waiving the question whether there is not sufficient evidence to show the possession of the property by plaintiff and his predecessor within five years, it is a sufficient answer to declare that this is an action, pure and simple, for the reformation of a written instrument to make it speak the intention of the parties. The action is not for the recovery of real property or its possession, and the judgment affords no such relief. The judgment simply corrects the deed as of the date of November 2, 1893, and if pleaded would not be sufficient of itself to show a present cause of action for the recovery of the property or its possession.

This proceeding is authorized by section 3399 of the Civil Code, providing that "When, through fraud or a mutual mistake of the parties . . . a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons in good faith and for value." It is clear that plaintiff is a party aggrieved by the mistake, as he has succeeded to all the rights of Milks in and to the property, and the revision of the deed as sought will not prejudice any,

right acquired by a third party, but, on the contrary, it will promote the intention of all the parties involved and enable plaintiff to secure what he has purchased in good faith and for value.

The time within which an action for relief on the ground of fraud or mistake must be brought is three years, as prescribed by subdivision 4 of section 338 of the Code of Civil Procedure. "The cause of action in such case not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." As we have seen, the discovery here was made only a few days before the action was brought. Plaintiff's claim is, therefore, not subject to the bar of the statute.

In *Breen* v. *Donnelly*, 74 Cal. 301, [15 Pac. 845], it appears that "two tenants in common of a tract of land, for the purpose of making a partition, entered into an agreement for the division thereof into two equal parts, and for the interchange of deeds, so that each would own a half in severalty. In pursuance of their agreement they employed a surveyor, believed by them to be competent, who ran a line which he assured them divided the land into halves. The cotenants thereupon, mutually relying upon the assurance of the surveyor, exchanged deeds in accordance with the line so run. The line did not divide the land into halves, but included in that conveyed to the ancestor of the defendants upward of five hundred acres more than he was entitled to. The plaintiff, who was the heir of the other cotenant, did not discover the mistake until thirteen years after the interchange of deeds. Since that time the land had been used exclusively for grazing and no improvements had been placed thereon by the defendants." The court, speaking through Mr. Justice McFarland, declared: "This is an action to reform a deed—to correct a mistake in a written instrument and make it conform to the real intent of the parties. That a court of equity has power to correct such a mistake, in a proper case, is, of course, beyond doubt, and that the facts here make a proper case is equally clear. It is established beyond doubt that the two tenants in common intended to convey by deed to each other the half of a tract of land, and that by pure mistake the deed sought to be reformed failed to convey such half. There is no question here of innocent purchasers. . . . In good conscience they (defendants) ought to correct the mistake; and their only defense is founded upon the naked plea of the statute of limitations. But we think that the action

was commenced in time. . . . In the case at bar, the discovery of the mistake was not made until 1880, at which time the cause of action 'is deemed to have accrued.' ''

The other cases cited by respondent are in line with the foregoing.

But it is claimed that the mistake should have been discovered sooner by plaintiff and his predecessor in interest, and therefore it must be deemed in law to have been so discovered. But the correct rule in reference to this phase of the question is stated in *Tarke* v. *Bingham*, 123 Cal. 166, [55 Pac. 760], as follows: ''Where no duty is imposed by law upon a person to make inquiry, and where, under the circumstances, 'a prudent man' would not be put upon inquiry, the mere fact that means of knowledge are open to a plaintiff, and he has not availed himself of them, does not debar him from relief when thereafter he shall make actual discovery. The circumstances must be such that the inquiry becomes a duty, and the failure to make it a negligent omission.'' In this case there was nothing to excite anyone's suspicion as to a mistake in the deed, and it cannot be said that plaintiff or his predecessor in interest acted without ordinary prudence and caution. Again, in what respect can it be said that inquiry became a duty? Duty implies an obligation to some one. If the duty be not performed, injury will probably result to the one to whom the obligation is due. It might be said that Milks owed a duty to plaintiff to ascertain whether the deed from defendant was correct, but plaintiff is the only one to complain of that dereliction. It does not lie in the mouth of defendant to say that it was the duty of plaintiff or his predecessor to ascertain that a mistake had been made, as defendant has not suffered any detriment thereby; he caused the mistake to be made, and he appears now in the attitude of one trying to take advantage of his own wrong and to retain property that he sold and was paid for and that he intended to convey. The duty of inquiry is exacted in favor of innocent parties and not of wrongdoers.

But appellant claims that it has been held in some recent cases that an action like this is one for the recovery of real property, and, where plaintiff is not in actual possession, must be brought within five years from the time the deed containing the mistake was executed. It will be seen, however, upon an examination that those cases represent a commendable desire upon the part of the appellate courts to enlarge as far as it can be done the statute of limitations in the interests of

justice, and they were not primarily for the reformation of
written instruments, but they involved the features of an ac-
tion in ejectment or to quiet title. In *Goodnow* v. *Parker,*
112 Cal. 438, [44 Pac. 738], for instance, the scope of the
action is shown in this statement in the syllabus: ''Where
part of the lands included in partition deeds which were in-
tended to make an equal division of the lands owned by the
parties, but which, by mutual mistake, included lands out-
side of the boundaries of a Mexican grant, of which the lands
owned by them formed a part, and upon discovery of the
mistake, the owners employed a surveyor to make an equal
division between them of the lands lying within the grant,
and a fence was built between them upon a part of the divi-
sion line thus established, the remainder of the division line
being marked by a furrow, but no correction was made in
the partition deeds, an action subsequently brought to compel
a conveyance of the corrected division line, and to quiet title
to the land up to that line is in effect an action to recover
real property, and is subject to the limitation of five years
prescribed by section 318 of the Code of Civil Procedure,
and is not governed by the limitation of three years from the
discovery of the mistake, prescribed by subdivision 4 of sec-
tion 338 of that code, the mistake being merely incidental
to the action for the recovery of the property.''

In *Murphy* v. *Crowley,* 140 Cal. 144, [73 Pac. 821], it is
said by Mr. Justice Shaw, speaking for the court, that ''The
decision of the question whether the cause of action was
barred, as alleged, depends on the character of the cause of
action set forth in the complaint. If it is to be treated as a
cause of action solely for relief on the ground of fraud, it
necessarily follows that the action is barred by the statute
pleaded.'' But it was held that since the action was to set
aside a conveyance of a tract of land procured by fraud and
undue influence, and to enforce a trust as to another tract and
to quiet the title of plaintiff in one-half of each tract, and to
recover the possession thereof and for an accounting of the
rents and profits, it was essentially an action to recover the
possession of real property, and therefore the five instead of
the three year limitation was held to apply. It was stated
in reference to earlier cases appearing to hold to the contrary
that ''Each presented a simple case for relief on the ground
of fraud or mistake, unmixed with any attempt to recover
possession or establish title otherwise than by nullifying the
act procured by the fraud or mistake.''

The case of *Union Ice Co.* v. *Doyle*, 6 Cal. App. 284, [92 Pac. 112], as stated by this court through Justice Hart, was "a suit in equity, the object of which is to correct an alleged misdescription of the land involved in two certain deeds to quiet title thereto, and to compel conveyances of said land in accordance with the true description thereof."

It is true that in the case at bar a part of the prayer is "that it be adjudged that the plaintiff is the owner of the lands described in paragraph 1 of this complaint, and that the defendant be enjoined from asserting any right to any of the lands contained in said paragraph," but this goes beyond the obvious scheme and purpose of the complaint and was properly disregarded by the trial court.

The cause of plaintiff is just, and should not be defeated by a strict and technical application of the statute of limitations in behalf of one whose claim must be held intolerable in a court of equity.

Other questions discussed by counsel have been considered, but the foregoing is decisive of the controversy.

The judgment and the order denying the motion for a new trial are affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 1, 1909.