[L. A. No. 2974. Department Two.—February 21, 1913.]

## HATTIE C. DANIELSON and EMIL A. DANIELSON, Appellants, v. ANN M. NEAL, Respondent.

REFORMATION OF DEED—PRIOR DEMAND NOT NECESSARY TO ACTION.—An action will lie in this state for the reformation of a deed without a demand previously made.

ID.—PRIOR DEMAND WHEN ESSENTIAL TO CAUSE OF ACTION.—Wherever a right arises or is dependent upon demand, that is, when the demand is an integral part of the cause of action, it must be made before action brought. But when it is an unconditional duty of a defendant to perform a certain act, the suit itself is the only demand necessary. In some cases, no other consequences follow a failure to make demand before suit brought, than that the plaintiff will not be allowed to recover his costs.

ID.—QUANTITY OF LAND CONVEYED—"MORE OR LESS"—MISTAKE AS TO QUANTITY.—The inclusion in a deed of the words "more or less" in the description of the quantity of land conveyed, does not preclude a reformation of the deed for mistake in not embracing all the acreage agreed upon.

ID.—VALUE OF OMITTED LAND—REFORMATION NOT REFUSED BECAUSE OF SMALLNESS.—The fact that the value of the omitted land, upon the basis of the purchase price, was only eighty-three dollars, will not in itself prevent a court of equity from granting a reformation of the deed.

ID.—STATUTE OF LIMITATIONS—LACHES—ERROR PATENT ON FACE OF DEED.—Where the omission to convey all the land agreed upon was patent upon the face of the deed, the mere fact that the grantee failed to discover it does not charge him with laches, or set the statute of limitations in motion prior to the discovery of the mistake.

APPEAL from a judgment of the Superior Court of Santa Barbara County. S. E. Crow, Judge.

The facts are stated in the opinion of the court.

Day & Day, and William C. Day, for Appellants.

G. H. Gould, for Respondent.

HENSHAW, J.—Plaintiffs seek by their action the correction of two deeds made to them by defendant, the one for

three acres of land, the other for one acre of land. The facts
touching the first deed sufficiently indicate the character of
the mutual mistake which it is alleged existed in the making
of both deeds. Those facts are that plaintiff, Hattie C. Dan-
ielson, bought of defendant three acres of land. It is alleged
that these three acres were to have a southern frontage of
417.4 feet and "should be bounded on the east by the easterly
line of defendant's land and on the south by the Southern
Pacific Railroad Company's right of way, and should be so
located that the lines should embrace just three acres of land,
but that the lines should be in the proportion of two to three,
so that two acres should front to the south and the one acre
lying back should be just half the width of the other two
acres." It is then alleged that by mutual mistake, ignorance,
and oversight, the courses and distances actually given in the
deed fell short of containing three acres, the allegation in this
respect being the following:

"That the mistake in the amount of acreage as aforesaid,
arose from the fact that the distances given in the deed and
the length of the boundary lines would, if run at right angles,
include the three (3) acres, but the lines and courses were
not run at right angles to each other, and not being so run
at right angles to each other, decreased the amount of acreage;
the north and south lines, instead of running at right angles
to the east line, which is a due north and south line with
the deflection of only 15', varied from a right angle to said
east line 7° and 53' and from the west line of said tract as
designated in said deed to the same extent, leaving the south-
east angle and the northwest angle obtuse ones 7° and 53'
in excess of right angles and the southwest angle and the
northeast angle 7° and 53' less than right angles, and by rea-
son of such deflection of lines the east and west lines are
brought much nearer together on a measurement on right
angles than four hundred and seventeen and four-tenths
(417.4) feet, which was intended, but leaves the north and
south lines, three hundred and thirteen (313) feet apart as
was intended."

The deeds so made were dated, one in July, 1906, the other
the 21st of November, 1907, but plaintiffs allege that they
did not discover the mistake until the fifteenth day of De-
cember, 1910, after survey made by the county surveyor. A

demurrer, general and special, was interposed and sustained to the complaint.

Judgment followed for defendant and plaintiffs appeal. In support of the judgment respondent contends that this action for reformation will not lie without a demand previously made, which demand is not here alleged. There is authority supporting this view, but such is not the rule of decision in this state, nor is it the rule of general adoption. Wherever a right arises or is dependent upon demand; in other words, when the demand is an integral part of the cause of action, it must be made before action brought. But when it is an unconditional duty of a defendant to perform a certain act, the suit itself is the only demand necessary. (*Gray* v. *Dougherty,* 25 Cal. 266; *Cox* v. *Delmas,* 99 Cal. 104, [33 Pac. 836]; 9 Cyc. 725.) In some cases, no other consequences follow a failure to make demand before suit brought, than that the plaintiff will not be allowed to recover his costs. (*Jones* v. *Petaluma,* 36 Cal. 230; *Heinlen* v. *Martin,* 53 Cal. 321.)

The first deed, after the description of the land, declared that it contained "three acres of land more or less." It is argued from this that the grantor did not intend to convey an exact three acres, and therefore it is apparent that there was no mutuality of mistake. It is quite true, as said in *Commissioners* v. *Younger,* 29 Cal. 179, that expressions used in such deeds "about so many acres" or "so many acres more or less" are openly indeterminative and uncertain and show that they are not of the essence of the contract, and that reliance, so far as quantity is concerned, is placed not upon them, but upon the description by metes and bounds. But this action is for a reformation because of mistake, a part of which mistake was the use of these very words. We think, without elaboration, that the complaint is sufficiently free from ambiguity to pass demurrer.

There was omitted from the deeds about one-twenty-seventh of an acre. The value of the omitted land, upon the basis of the purchase price, respondent points out is eighty-three dollars, but we cannot agree with respondent that, because these are the facts, equity will treat the omitted land as a minute discrepancy of no material importance. The price or value of omitted lands is, of course, an element in determining whether or not equity will take cognizance of a suit to recover

the omitted portion. (*Backus* v. *Jeffrey,* 47 Mich. 127, [10 N. W. 138].) But in a suit for land, value is by no means the all-controlling and determinative consideration. The omitted land may be of great importance to the value of plaintiff's remaining land. It may have a peculiar value, *pretium affectionis,* in plaintiff's eyes. Many other considerations may enter into the matter, making it of importance to plaintiffs to recover that which is rightfully theirs.

The demurrer that the cause of action is barred by the statute of limitations is not well taken. The argument upon this point is addressed to the fact that the error was patent upon the deed; that the means of discovery were therefore at hand to plaintiffs, and their failure to discover charges them with laches and brings them within the bar of the statute of limitations. But the contrary view is expressed in *Allen* v. *Reed,* 51 Cal. 362; *Sheils* v. *Haley,* 61 Cal. 157; *Breen* v. *Donnelly,* 74 Cal. 301, [15 Pac. 845]; *Stonesifer* v. *Kilburn,* 122 Cal. 659, [55 Pac. 587]; *Hart* v. *Walton,* 9 Cal. App. 502, [99 Pac. 719].

It is therefore ordered that the judgment is reversed and the cause remanded, defendant to be permitted to answer to the merits.

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.