[Civ. No. 3220. Second Appellate District, Division Two.—September 16, 1920.]

## ANDREW RIEGEL, Respondent, v. JOHN WOLLEN-SHLAGER et al., Appellants.

[1] PLEADING—FORECLOSURE OF MORTGAGE—PARTIAL FAILURE OF CONSIDERATION OF NOTE—INSUFFICIENT ALLEGATIONS OF ANSWER.—In an action for the foreclosure of a mortgage given to . secure the payment of a promissory note for the sum of twenty thousand dollars and interest, an issue of partial failure of consideration is not sufficiently tendered by the allegations of the answer that the only consideration for the execution of the note was nineteen thousand four hundred dollars, and that the consideration failed to the extent of six hundred dollars.

[2] INTEREST—PROMISSORY NOTE—FIXING OF LEGAL RATE—CONSTRUCTION OF CODE.—Section 1917 of the Civil Code, which provides that unless there is an express contract in writing fixing a different rate, interest is payable on all moneys at the rate of seven per cent per annum after they become due, does not warrant a construction that where the parties to a note fix the rate at seven per cent per annum, interest is allowable only from maturity.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

William H. Fuller for Appellants.

Frank L. Stobbs and Hyman Schwartz for Respondent.

WELLER, J.—The complaint seeks the foreclosure of a mortgage given to secure the payment of a note for the sum of $20,000, dated August 1, 1914, due in three years, with interest at the rate of seven per cent per annum from date, payable quarterly, and if not so paid, to be compounded.

The answer alleges that the only consideration received by defendants for the execution of the note was $19,400, and that the consideration for the note in any greater sum has wholly failed. As a further defense, defendants allege that under the provisions of section 1917 of the Civil Code plaintiff is not entitled to interest prior to the maturity of the note, and that there had been paid prior to the commencement of the suit the sum of $3,150, which should be credited on the $19,400, and judgment entered for the principal sum of $16,250, with interest from the date the note fell due by its terms. By way of counterclaim, defendants aver that they borrowed the sum of $19,400 and executed their note for $20,000; that they have paid $3,150, which should be offset against the $19,400 borrowed; and pray that $3,950 shall be deducted from the amount found due on the note. There is nothing to show how appellants arrive at the figure $3,950.

The court found that the note was executed for $20,000 and interest, as alleged, and secured by the mortgage set out in the complaint; that the sum of $3,198.96, and no more, had been paid; that the full amount of the principal, with interest as provided in the note, less the sum so credited, was due from the defendants; and ordered a decree accordingly.

Appellants specify three points upon which they rely: (1) That the court failed to find on material issues; (2) error in refusing to admit testimony regarding the amount of the consideration for the note; and (3) mistake in date from which interest should be computed.

[1] 1. It is contended that the court should have made specific findings upon the issues presented as to the alleged partial failure of consideration, and as to the payment of $3,150 on the principal of the note, as set forth in the so-called counterclaim. The allegation in the answer which forms the basis of this contention is both ambiguous and insufficient. It avers that the only consideration for the execution of the note was $19,400, which is $600 less than the principal sum mentioned, or, in other words, that there was no consideration to the extent of $600. In the same sentence it is alleged that the consideration failed to the extent of the same sum of $600. These averments are not sufficient to tender an issue. If plaintiff loaned defendants $19,400, it was a sufficient consideration for the note for $20,000, in

the absence of fraud, undue influence, or a definite promise to advance the full sum; and there is no allegation of any of these elements. Inadequacy of consideration is no defense to the enforcement of a contract voluntarily made. The answer is also utterly lacking in the statement of any facts, occurring after the execution of the note, showing a failure of consideration; but the pleader contents himself with the mere statement that the consideration failed—a conclusion of law. (*Gushee* v. *Leavitt,* 5 Cal. 160, [63 Am. Dec. 116].)

2. Defendant John Wollenshlager testified that he had paid $3,198.96 as interest, but offered no proof of any other or further payment, or any showing in support of his counterclaim. The findings gave credit for the full amount he claimed to have paid.

The rulings of which appellants complain relate to the admission of testimony regarding the amount received by defendants at the time of the execution of the note and mortgage. Apparently the purpose of this testimony was to prove that the plaintiff deducted the sum of $600 from the face of the note as a commission for making the loan, and thus attempt to show lack or failure of consideration. As we have shown, there was no sufficient issue tendered on this matter, and the questions were therefore immaterial.

[2] 3. Appellants cite section 1917 of the Civil Code as authority for their claim that interest can be allowed only from maturity, because the rate fixed by the note is seven per cent. This is based upon the wording of the section, which provides that unless there is an express contract in writing fixing a *different rate,* interest is payable on all moneys at the rate of seven per cent per annum *after they become due.* The argument is novel and startling. Counsel concedes that if any other rate is fixed, the agreement controls; but simply because the parties chose the legal rate, the lender must be denied interest on his money for three years, and the borrower enjoys its use without compensation. We do not so construe the language. The phrase "on moneys lent" is not modified by the preceding portion of the section referring to maturity, but is an independent clause, specifying the rate only in the absence of provision in the contract. Section 1914 of the Civil Code provides that a loan of money is presumed to be made on interest, and

by section 1918 the parties can agree in writing for the payment of any rate, which shall be allowed according to the terms of the agreement.

There is no merit in any of the points raised by appellants.

Judgment affirmed.

Finlayson, P. J., and Thomas, J., concurred.