[Civ. No. 3838. Second Appellate District, Division Two.—June 16, 1923.]

## J. S. SCHUTT, Respondent, v. C. R. SCOTT, Appellant.

[1] AGENCY — SALE OF TRACTOR — RIGHT OF PRINCIPAL TO PROCEEDS — DEMAND.—To maintain an action for the direct payment of money due plaintiff through the alleged sale of a tractor by defendant as agent for plaintiff, defendant being under a positive duty to deliver to plaintiff the money thus received by him, no demand other than the filing of suit is required.

[2] CONTRACTS—PURCHASE OF AUTOMOBILE—FAILURE TO MAKE DELIVERY—RETURN OF DEPOSIT.—Where the contract for the purchase of an automobile reserves to the purchaser the right to cancel the order if the automobile is not delivered within a specified time and provides that the liability of the automobile sales agent shall be limited to the return of the purchaser's deposit, and the deposit consists of another automobile, for which the purchaser is to receive an agreed cash credit, upon cancellation of the order be-

cause of failure to make delivery within the time specified the purchaser is entitled to the return of the automobile deposited by him, and not to the agreed cash credit therefor.

APPEAL from a judgment of the Superior Court of Tulare County. W. B. Wallace, Judge. Reversed.

The facts are stated in the opinion of the court.

C. W. Braswell for Appellant.

Avery J. Howe for Respondent.

CRAIG, J.—This appeal is from a judgment rendered upon the default of the defendant after the overruling of his demurrer to the complaint. This contains two counts. Both are upon contract. [1] The first is for the direct payment of money due Schutt through the alleged sale of a tractor by Scott as agent for Schutt. The defendant was under a positive duty to deliver the money thus received by him to the plaintiff. No demand other than the filing of suit was required. (*Danielson* v. *Neal,* 164 Cal. 748 [130 Pac. 716]; 13 C. J. 729.) As against this cause of action the general demurrer and that on the ground of uncertainty are without merit.

[2] As to the second cause of action, we think the demurrer should have been sustained. The allegations are that Schutt entered into a contract with Scott, acting as agent for the Dodge Automobile Company, to purchase a Dodge touring car; the car was to be delivered within thirty days after September 22, 1922. It was agreed that "if the vehicle is not delivered within thirty days after September 22d, I reserve the right to cancel this order, and your liability shall be limited to the return of my deposit on request." The deposit consisted of an Overland car concerning which the contract provides that Schutt shall receive a credit, the language employed in this behalf being:

"Deposit credit by Overland............$325.00."

The complaint avers that the Dodge was not delivered within the period agreed upon; that the plaintiff has canceled the purchase contract, and has "requested defendant to repay said $325, as provided by said order,"

which defendant has refused to do. The prayer is for $325 and judgment was rendered accordingly.

Under the terms of the contract Schutt had a right to demand the return of his deposit, which was the Overland. He cannot claim that through this transaction he had sold this car to Scott. The purchase agreement expressly provides that upon cancellation by the buyer his only claim shall be for the return of his deposit.

The judgment is reversed and the trial court is directed to set aside the default entered upon the second count of the complaint and to sustain the demurrer against it, with leave to the plaintiff to amend, the default on the first count to stand.

Finlayson, P. J., and Works, J., concurred.